HEALY v HEALY

Docket No. 103856. Submitted October 5, 1988, at Grand Rapids.
    Decided February 22, 1989.
    Plaintiff, Lois Healy, and defendant, David Healy, were married
    in 1973. Plaintiff worked and supported them while defendant
    attended college. Defendant received an accounting degree in
    1977 and began working for an accounting firm. In 1979
    defendant earned $18,000 working for an accounting firm. He
    quit that job to become controller for Shepherd Products in
    Kalamazoo. During the next five years with Shepherd defen-
    dant's salary rose to $44,000 per year. Plaintiff filed a com-
    plaint for divorce in Kalamazoo Circuit Court on May 3, 1984.
    Defendant quit working for Shepherd and returned to work for
    the accounting firm for which he originally worked. The new
    position paid $40,000 per year. In June, 1985, defendant quit
    that job to work as assistant manager in the hardware store
    owned by his parents. Defendant earns $18,000 per year at the
    hardware store. The trial court, Robert L. Borsos, J. granted
    the divorce and found that defendant voluntarily reduced his
    income from $44,000 to $40,000 to $18,000 per year and im-
    puted defendant's income at $42,000 per year and awarded
    alimony to plaintiff in the amount of $790 per month for the
    first two years and decreasing thereafter until the eighth year
    after the divorce, when no alimony will be paid. Defendant's
    motion for a new trial was denied, Philip D. Schaefer, J.
    Defendant appealed, arguing that the trial court erred in
    determining his ability to pay alimony and in denying his
    motion for a new trial.

    The Court of Appeals held:

    1. A trial court does not abuse its discretion by awarding
    alimony on the basis of unexercised ability to earn where a
    party voluntarily reduces his or her income so as to avoid
    paying alimony.

    2. The trial court did not abuse its discretion in denying
    defendant's motion for a new trial.

    Affirmed.

REFERENCES

Am Jur 2d, Divorce and Separation §§ 565 et seq., 579.
Excessiveness or adequacy of money awarded as temporary ali-
    mony. 26 ALR4th 1218.

1. Divorce — Alimony.

Factors to be considered in determining whether alimony should be awarded in a judgment of divorce include: (1) the past relations and conduct of the parties; (2) the length of the marriage; (3) the abilities of the parties to work; (4) the source of and amount of property awarded to the parties; (5) the ages of the parties; (6) the abilities of the parties to pay alimony; (7) the present situations of the parties; (8) the needs of the parties; (9) the health of the parties; (10) the prior standard of living of the parties and whether either is responsible for the support of others; and (11) general principles of equity.

2. Divorce — Alimony — Unexercised Ability to Earn.

A court does not abuse its discretion by ordering alimony on the basis of unexercised ability to earn where a party voluntarily reduces his or her income so as to avoid paying alimony.

*Huff, Kreis, Enderle, Callander & Hudgins* (by *Russell A. Kreis*), for plaintiff.

*Barnard, Smith & Burness* (by *Robert J. Barnard, Jr.*), for defendant.

Before: DANHOF, C.J., and HOOD and R. L. OL-ZARK,* JJ.

PER CURIAM. Defendant, David Healy, appeals as of right from the divorce judgment granted between him and plaintiff, Lois Healy. We affirm.

The parties were married on July 21, 1973, in Allegan County. Approximately four months after their marriage, the couple moved to East Lansing, Michigan, where plaintiff worked in a number of low-skill, low-paying jobs to support the family while defendant pursued an accounting degree at Michigan State University. Defendant graduated from Michigan State University in 1977 and took an accounting job in Detroit for Price Waterhouse. Approximately six months later, the family moved to Gobles, Michigan, and lived with defendant's

---

* Circuit judge, sitting on the Court of Appeals by assignment.

parents. Defendant obtained employment with the accounting firm of Ernst & Whinney. Thereafter, the family moved to Portage, Michigan, and defendant accepted employment as a controller for Shepherd Products in Kalamazoo, Michigan.

In 1979, defendant earned $18,000 a year working at Ernst & Whinney. Defendant left Ernst & Whinney for Shepherd Products so that he could advance faster and be paid better. His income at Shepherd started at $26,000 and rose during his five years with the company to $44,000 a year. It was while defendant was working at Shepherd Products that the couple separated. Defendant then left Shepherd Products and again took a job with Price Waterhouse in Detroit. The purpose of this change was that at Shepherd defendant had risen to the number two man behind the owner and felt he could not advance any further and he wanted employment which would allow him "to do something more than that." Defendant's pay at Price Waterhouse was $40,000 per year. Defendant continued to work at Price Waterhouse until June, 1985. Defendant left Price Waterhouse and took a job as the number two person in a hardware store owned by his parents. Defendant earns $18,000 per year at the hardware store. Although defendant always enjoyed working at Price Waterhouse, he alleges that he became a victim of office politics and, coupled with the stress of the divorce, defendant decided to leave Price Waterhouse and to take a job with his parents' hardware store.

The divorce trial in this case began shortly after defendant left Price Waterhouse to work for his parents' hardware store. The trial court found that defendant voluntarily reduced his income from $44,000 to $40,000 to $18,000 a year and on that basis the trial court imputed defendant's income at $42,000 a year and determined the alimony pay-

ments to be made from defendant to plaintiff on that basis. Defendant argues that the trial court erred in determining defendant's ability to pay. Defendant feels that, although he quit his job at Price Waterhouse, he would have been fired if he had not left voluntarily.

The trial court awarded alimony to be paid by defendant to plaintiff in the amount of $790 a month for the first two years. The next two years the amount is to be $590 a month. The amount paid in alimony per month lessens each year until the eighth year after the divorce when defendant will have to pay zero in alimony to plaintiff. This will enable plaintiff to retrain herself over time so as to be able to support herself.

An award of alimony is within the discretion of the trial court. This Court reviews such an award de novo and exercises its independent judgment in reviewing the evidence, but gives grave consideration to the trial court's findings and will not reverse unless convinced it would have come to a different conclusion had it been sitting in the trial court's position. *Cloyd v Cloyd,* 165 Mich App 755, 759; 419 NW2d 455 (1988). The factors to be considered in determining whether alimony should be awarded in a judgment of divorce include: (1) the past relations and conduct of the parties; (2) the length of the marriage; (3) the abilities of the parties to work; (4) the source and amount of property awarded to the parties; (5) the ages of the parties; (6) the abilities of the parties to pay alimony; (7) the present situations of the parties; (8) the needs of the parties; (9) the health of the parties; (10) the prior standard of living of the parties and whether either is responsible for the support of others; and (11) general principles of equity. *Hatcher v Hatcher,* 129 Mich App 753, 760; 343 NW2d 498 (1983).

This Court in *Rohloff v Rohloff,* 161 Mich App 766; 411 NW2d 484 (1987), held that the trial court does not abuse its discretion by entering its child support order based upon the unexercised ability to earn where a party voluntarily reduces his or her income. The Court stated:

> Rather, we conclude that, where a party voluntarily reduces his or her income, or, as in this case, voluntarily eliminates his or her income, and the trial court concludes that the party has the ability to earn an income and pay child support, we do not believe that the trial court abuses its discretion by entering a support order based upon the unexercised ability to earn. [*Rohloff, supra,* pp 775-776.]

The basic question involved in the instant case is whether the *Rohloff* rule should be extended to the determination of alimony. The sixth factor to be considered in determining whether alimony should be awarded is "the abilities of the parties to pay alimony." *Hatcher, supra.* Thus, on its face the sixth factor is not limited to a party's income at the time the divorce is granted. A trial court would not abuse its discretion by awarding alimony on the basis of a party's ability to pay where that party has voluntarily reduced his or her income so as to avoid paying alimony. This protects a dependent spouse from impoverishment when the other spouse reduces his or her income out of spite or in simple avoidance of future support. As the *Rohloff* Court noted, this is a difficult decision for a trial court to make. A trial court should not unduly interfere with the personal lives and career choices of individuals, but the court must also protect those who have been dependent on their spouse for support, especially where the

couple decided that one would be the "bread win-
ner" and one the "home maker."

Several other states follow the approach that
allows the trial court to base alimony upon the
potential of a party to earn income where that
party has purposefully minimized his or her in-
come. See *Carol J v William J,* 119 Misc 2d 739;
464 NYS2d 635, 638 (1983), *Quick v Quick,* 290
SE2d 653, 658 (NC, 1982), and *Miller v Miller,* 181
Conn 610; 436 A2d 279, 281 (1980). Thus, we follow
*Rohloff* and apply it in the instant case so as to
encompass the determination of alimony.

The trial court found that defendant reduced his
income from $44,000 to $40,000 to $18,000 a year
voluntarily as a reaction to the instant divorce
proceedings. The trial judge was in the position of
viewing the witness' demeanor and credibility and
did not abuse his discretion in making that deter-
mination. We are not convinced we would have
come to a different conclusion had we been sitting
in the trial court's position.

Defendant moved for a new trial based upon the
above-determined issue. The trial court judge's
term had expired and a different judge was ap-
pointed to hear the motion pursuant to MCR
2.613(B). The second judge denied the motion for a
new trial for the same reasons that we affirm the
first judge's decision as to alimony. On that basis,
it was not an abuse of discretion for the trial court
to deny the motion for a new trial.

Affirmed.