MOORE v MOORE

Docket No. 213457. Submitted August 2, 2000, at Detroit. Decided September 26, 2000, at 9:10 A.M.

Judy Moore obtained a divorce from David Moore in the Oakland Circuit Court. The plaintiff subsequently sought an increase in alimony, which the court, Linda S. Hallmark, J., granted. The defendant appealed, claiming that the trial court should have imputed as income to the plaintiff money she could receive monthly under the divorce judgment as her share of the defendant's pension if only she would elect to begin receiving the pension benefit.

The Court of Appeals *held*:

The voluntary reduction of income may be considered in determining the proper amount of alimony. If a court finds that a party has voluntarily reduced the party's income, the court may impute additional income in order to arrive at an appropriate alimony award. In this case, in determining whether imputing income to the plaintiff was appropriate, the trial court should have considered whether the plaintiff could elect to draw her share of the pension now without any reduction in benefits. If so, income should be imputed to the plaintiff. On the other hand, if the plaintiff would receive a reduced amount by taking her share of the pension now, income should not be imputed to the plaintiff.

Remanded for further proceedings.

DIVORCE — ALIMONY — PENSIONS.

Pension benefits that a recipient of alimony can elect to receive now or at a later time as the recipient's share of the alimony payer's pension under the judgment of divorce may be imputed as income to the recipient of alimony for the purpose of computing the amount of alimony to which the recipient is entitled if the recipient can currently draw the pension without a reduction in pension benefits, but not if the recipient would receive reduced pension benefits by electing not to defer receipt of the pension.

*Cameron Miller & Associates, P.C.* (by *Cameron A. Miller* and *Michael Bartnicki*), for the plaintiff.

*Miller and Shensky, P.L.L.C.* (by *Katherine Wainwright Shensky*), for the defendant.

Before: OWENS, P.J., and JANSEN and R. B. Burns*, JJ.

PER CURIAM. This case presents a question of first impression in Michigan. We are asked to decide whether pension benefits that a payee chooses not to receive may be imputed to the payee for the purpose of computing the amount of alimony to which the payee is entitled. The trial court determined that the pension benefits should not be imputed to plaintiff, but that this income would be considered when plaintiff actually received it. The court also determined that plaintiff was not obligated to exercise her right to receive these benefits. We remand for further proceedings.

The parties' nearly thirty-year marriage ended in divorce on December 19, 1995. The divorce judgment provided, among other things, that plaintiff be awarded a fifty percent interest in that amount of defendant's General Motors pension that accrued from the date of their marriage, April 16, 1966, to the date of the judgment. The judgment also provided that plaintiff be awarded alimony of $100 a week, to be reevaluated and adjusted "commensurate with the parties incomes" when child support for the parties' minor son ceased.

In August of 1997, plaintiff filed a motion for review of alimony alleging that defendant's obligation to pay child support had ceased and that the trial court had intended that plaintiff's alimony be

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

increased accordingly. The matter was referred to the friend of the court for an investigation, which recommended that defendant pay alimony of $237 a week. Defendant objected to the recommendation and requested that the court terminate alimony, arguing that plaintiff was entitled to collect over $1,000 a month from defendant's pension pursuant to the divorce judgment and that this sum should be imputed to plaintiff as income, thus obviating her need for alimony. The court disagreed and entered an order adopting the friend of the court recommendation of alimony in the amount of $237 a week, plus $25 toward defendant's arrearage. The trial court found that the parties' income should be considered when determining alimony, but held that it would not consider the pension as income to either party until they elected to receive the pension benefits.

The main objective of alimony is to balance the incomes and needs of the parties in a way that will not impoverish either party. *Ackerman v Ackerman*, 197 Mich App 300, 302; 495 NW2d 173 (1992). Alimony is to be based on what is just and reasonable under the circumstances of the case. *Maake v Maake*, 200 Mich App 184, 187; 503 NW2d 664 (1993). An alimony award can be modified upon a showing of changed circumstances. *McCallister v McCallister*, 205 Mich App 84, 86; 517 NW2d 268 (1994). The modification of an alimony award must be based on new facts or changed circumstances arising since the judgment of divorce. *Ackerman, supra* at 301.

We review the trial court's factual findings relating to the award or modification of alimony for clear error. *Mitchell v Mitchell*, 198 Mich App 393, 396; 499 NW2d 386 (1993). A finding is clearly erroneous if the

appellate court is left with a definite and firm conviction that a mistake has been made. *Id.* If the trial court's findings are not clearly erroneous, this Court must then decide whether the dispositional ruling was fair and equitable in light of the facts. *Id.*

The voluntary reduction of income may be considered in determining the proper amount of alimony. *Healy v Healy*, 175 Mich App 187; 437 NW2d 355 (1989). If a court finds that a party has voluntarily reduced the party's income, the court may impute additional income in order to arrive at an appropriate alimony award. *Id.*

In this case, in determining whether imputing income to plaintiff was appropriate, the court should have considered whether plaintiff could elect to draw her share of the pension now without any reduction in benefits. If this is the case, we believe that plaintiff would be voluntarily reducing her income. Under this situation, *Healy* applies and the income should be imputed to plaintiff, if she did not receive the benefits currently. On the other hand, if by taking her share of the pension now she would receive a reduced amount, it is inappropriate to impute the pension benefits as income. For plaintiff to defer election of pension benefits to a later date when the benefits would be larger should not be viewed as a voluntary reduction in income, but rather as a possibly prudent investment strategy.

Accordingly, we remand for further proceedings consistent with this opinion. We do not retain jurisdiction.