KORTH v KORTH

Docket No. 238609. Submitted February 5, 2003, at Detroit. Decided April 15, 2003, at 9:00 A.M.

Shirley Korth obtained a divorce from Allen Korth in the Genesee Circuit Court. The judgment of divorce was subsequently set aside after the court, Clayton E. Preisel, J., entered a judgment of separate maintenance dividing the parties' real and personal property and awarding the plaintiff spousal support. The defendant appealed, arguing that the circuit court improperly awarded spousal support and distributed real property.

The Court of Appeals *held*:

1. The factors a trial court should consider in deciding whether to award spousal support include the length of the marriage, the parties' ability to pay, their past relations and conduct, their ages, needs, ability to work, health, and fault, if any, and all other circumstances of the case.

2. The trial court clearly erred in relying on the parties' twenty-three-year relationship rather than their ten-year marriage in awarding the plaintiff spousal support. Michigan has a strong public policy supporting the institution of marriage, and this policy was undermined by the trial court's focus on the length of the parties' relationship rather than the length of their marriage.

3. The trial court's award of $450 a month in spousal support to the plaintiff for fifteen years was inequitable given the length of the marriage, and the defendant's age and limited ability to pay support as a retiree when compared with the plaintiff's relative youth and potential ability to reenter the work force. However, because the plaintiff was unemployed and temporarily disabled at the time of the trial, the plaintiff is entitled to some short-term spousal support, and the matter must be remanded for a redetermination of an appropriate amount of support.

4. A spouse's separate asset may be invaded when the other spouse contributed to the acquisition, improvement, or accumulation of the property. MCL 552.401. Although the defendant purchased the Pike Lake property before the parties' marriage, the plaintiff contributed to the increase in value of the property after the marriage. The circuit court, in awarding defendant sixty per-

cent of the value of the Pike Lake property, did not err in including in the marital estate the appreciation in the property after the parties were married, but excluding from the marital estate the defendant's equity in the property before the marriage.

Reversed in part, affirmed in part, and remanded for a redetermination of an award of spousal support.

SCHUETTE, J., dissenting in part, stated that he would affirm the decision of the circuit court with respect to spousal support because he is not left with a firm conviction that the award of support was inequitable.

DIVORCE — SPOUSAL SUPPORT — FACTORS.

A trial court, in deciding whether to award spousal support, should consider the length of the marriage, the parties' ability to pay, their past relations and conduct, their ages, needs, ability to work, health, and fault, if any, and all other circumstances of the case; however, a trial court's focus on the length of the parties' relationship rather than the length of their marriage undermines strong public policy in Michigan supporting the institution of marriage.

*Patrick T. McCombs* for the plaintiff.

*David A. Wecker* for the defendant.

Before: SAAD, P.J., and ZAHRA and SCHUETTE, JJ.

ZAHRA, J. Defendant Allen Korth appeals as of right from a judgment of separate maintenance dividing the parties' real and personal property and awarding plaintiff Shirley Korth spousal support.[1] Defendant argues that the trial court improperly awarded plaintiff $450 a month[2] in spousal support and erred in its distribution of the property. We reverse in part, affirm in part, and remand for further proceedings consistent with this opinion.

---

[1] On the same day the judgment of separate maintenance was entered, the trial court set aside the original August 14, 2001, judgment of divorce.

[2] Although the judgment of separate maintenance ordered defendant to pay plaintiff $420 a month in spousal support, the trial court's opinion and order following the trial ordered defendant to pay plaintiff $450 a month in spousal support.

### I. STANDARD OF REVIEW

This Court reviews the trial court's findings of fact for clear error. *Sparks v Sparks*, 440 Mich 141, 151; 485 NW2d 893 (1992). "If the findings of fact are upheld, the appellate court must decide whether the dispositive ruling was fair and equitable in light of those facts." *Id.* at 151-152. Dispositional rulings[3] should be affirmed unless the appellate court is left with a firm conviction that the decision was inequitable. *Id.* at 152.

### II. SPOUSAL SUPPORT

Defendant first argues that the trial court erred by treating the ten-year marriage as a twenty-three-year marriage, and awarding plaintiff fifteen years of spousal support. A trial court has discretion to grant spousal support pursuant to MCL 552.23. *Ianitelli v Ianitelli*, 199 Mich App 641, 642; 502 NW2d 691 (1993). MCL 552.23 provides, in pertinent part:

> (1) Upon entry of a judgment of divorce or separate maintenance, if the estate and effects awarded to either party are insufficient for the suitable support and maintenance of either party and any children of the marriage as are committed to the care and custody of either party, the court may further award to either party the part of the real and personal estate of either party and spousal support out of the real and personal estate, to be paid to either party in gross or otherwise as the court considers just and reasonable, after considering the ability of either party to pay and the character and situation of the parties, and all the other circumstances of the case.

---

[3] Dispositional rulings include whether and how much alimony to award. *Ianitelli v Ianitelli*, 199 Mich App 641, 642; 502 NW2d 691 (1993).

In deciding whether to award spousal support, factors the trial court should consider include "the length of the marriage, the parties' ability to pay, their past relations and conduct, their ages, needs, ability to work, health and fault, if any, and all other circumstances of the case." *Magee v Magee*, 218 Mich App 158, 162; 553 NW2d 363 (1996). The trial court should make specific factual findings regarding the factors that are relevant to the particular case. *Ianitelli, supra* at 643. The primary purpose of spousal support "is to balance the incomes and needs of the parties in a way that will not impoverish either party." *Moore v Moore*, 242 Mich App 652, 654; 619 NW2d 723 (2000). Spousal support is to be based on what is just and reasonable under the circumstances of the case. *Id.*

In the present case, defendant argues that the trial court's dispositional ruling concerning the award of spousal support is inequitable. Defendant argues that, in awarding spousal support, the trial court improperly treated the ten-year marriage as a twenty-three-year marriage and failed to consider relevant factors such as the age of the parties, the earning capacity of the parties, the life circumstances of the parties, and the general principles of equity. We agree. In awarding spousal support, the trial court indicated that the marriage had lasted ten years, but appeared to rely on the fact that the parties had been a couple for twenty-three years in awarding plaintiff $420 a month in spousal support for fifteen years, or until plaintiff remarries. Although the past relations and conduct of the parties is one factor the trial court may consider in determining whether to award spousal support, Michigan has a strong public policy supporting the

institution of marriage. *Van v Zahorik*, 460 Mich 320, 332; 597 NW2d 15 (1999). This policy was undermined by the trial court's holding in the present case. The trial court was required to limit its consideration to "the length of the *marriage*," not the length of the *relationship*, in awarding spousal support. *Magee, supra* at 162 (emphasis added).

After considering the length of the marriage, the age of the parties, the earning capacity of the parties, the life circumstances of the parties, and the general principles of equity, we conclude that the trial court's award of $420 a month in spousal support is inequitable. The parties were married for ten years. As noted by the trial court, defendant has a limited ability to pay spousal support because he is already retired and is receiving $1,800 a month in benefits from General Motors Corporation. Where defendant is sixty years old and retired, plaintiff is forty-seven years old and, according to the trial court, has the ability to work. Because plaintiff is much younger than defendant, she has more potential to reenter the workforce as a hairdresser and earn an income. Additionally, the trial court awarded plaintiff the entire proceeds, if any, from her pending worker's compensation claim. Considering the factors relevant in awarding spousal support, we are left with a firm conviction that the trial court's award of $420 a month for fifteen years is inequitable. However, because plaintiff was unemployed and apparently suffering from a temporary disability at the time of the trial, we agree with the trial court that plaintiff is entitled to some short-term spousal support intended to assist plaintiff through her disability or until her worker's compensation claim is settled. Accordingly, we remand to the trial

court to amend the judgment of separate maintenance to meet this end.[4]

### III. REAL-PROPERTY DISTRIBUTION

Defendant also argues that the trial court erred in dividing the real property owned by defendant before the marriage, and by failing to take into account defendant's contribution when dividing this property. We disagree. The distribution of property in a divorce is governed by statute. MCL 552.1 *et seq.*; *Reeves v Reeves*, 226 Mich App 490, 493; 575 NW2d 1 (1997). Generally, assets earned by a spouse during the marriage are properly considered part of the marital estate and are subject to division, but the parties' separate assets may not be invaded. *McNamara v Horner*, 249 Mich App 177, 183, 187; 642 NW2d 385 (2002); MCL 552.19. "However, a spouse's separate estate can be opened for redistribution when one of two statutorily created exceptions is met." *Reeves, supra* at 494.

MCL 552.23(1) permits the invasion of a spouse's separate assets when, after the division of the marital assets, "the estate and effects awarded to either party are insufficient for the suitable support and maintenance of either party . . . ." The trial court may invade a spouse's separate estate under this statutory exception "when one party demonstrates additional need." *Reeves, supra* at 494. The other statutory exception

---

[4] Defendant also argues, "In light of the fact that the Court ordered [defendant] to pay spousal support, [plaintiff's] workers' compensation lawsuit should have been divided like the other property." In light of our conclusion that the trial court's award of spousal support was inequitable, we need not address defendant's argument regarding plaintiff's workers' compensation lawsuit award.

for invading a spouse's separate assets is MCL
552.401, which permits invasion when the other
spouse "contributed to the acquisition, improvement,
or accumulation of the property." *Reeves, supra* at
494-495. Under this exception, when a spouse "signifi-
cantly assists in the acquisition or growth of a
spouse's separate asset, the court may consider the
contribution as having a distinct value deserving of
compensation." *Id.* at 495. When this exception
applies, the trial court may include in the property
distribution such assets "as appear[] to the court to
be equitable under all the circumstances of the case
. . . ." MCL 552.401.

### A. PIKE LAKE PROPERTY

Defendant purchased the Pike Lake property in
1989, before the parties were married, for $11,000. In
1992 or 1993, after the parties were married, plaintiff's
name was added to the deed for the property. The
land was cleared in 1993 and the building of the
house began in 1994. Defendant and his friends did
most of the work on the house, but plaintiff contrib-
uted between five and ten percent of the work. While
she was staying at the property, plaintiff would do the
cooking, cleaning, and other chores. The parties
invested approximately $55,000 in the property. Of
this $55,000, about $7,500 came from plaintiff and the
rest came from defendant.

Because plaintiff contributed to the improvement
of the property after the parties were married, the
trial court properly considered the equity in the prop-
erty after the marriage as part of the marital estate.
As explained in *Reeves, supra* at 495, the sharing and
maintenance of a marital home gives both spouses an

interest in any increase in value during the course of the marriage. This increase in value is part of the marital estate. *Id.* at 495-496.

However, the down payment, the equity built up before the parties' marriage, and any appreciation that occurred before the marriage should be considered part of defendant's separate estate. *Id.* at 496. Therefore, under MCL 552.401, the trial court should have included in the marital estate the appreciation in the property after the parties were married, but should not have included the equity values of the property before the marriage. It appears that, in awarding defendant sixty percent of the value of the Pike Lake property, the trial court appropriately considered defendant's equity in the property before the marriage.[5] We find no error in the trial court's distribution of the Pike Lake property.

### B. OKLAHOMA STREET PROPERTY

At the time of the trial, the Oklahoma Street property was in very bad shape and in need of a roof, windows, carpet, cabinets, a paint job, and other maintenance. Although defendant purchased the property and made payments before the parties were married, the trial court found that the property had no value at the time of the trial. Defendant did not present any evidence to the contrary. Therefore, we are not con-

---

[5] Defendant testified that the property was appraised for $104,000, and the trial court gave defendant the option of buying plaintiff's portion of the Pike Lake property for either $45,000 (according to the opinion and order distributing the real property and awarding spousal support) or $42,500 (according to the judgment of separate maintenance). This appears to take into account the equity in the property before the marriage.

vinced that it was inequitable for the trial court to order the property sold and divided in half or abandoned.

### IV. PERSONAL PROPERTY

In regard to the personal property, defendant does not specify on appeal which personal property was improperly distributed by the trial court. Defendant does not point to specific personal property that he owned before the marriage or that was part of his separate estate. "A party may not merely announce a position and leave it to this Court to discover and rationalize the basis for the claim." *American Transmission, Inc v Channel 7 of Detroit, Inc*, 239 Mich App 695, 705; 609 NW2d 607 (2000). By failing to properly present this issue, defendant has waived it. *Id.*

Reversed in part, affirmed in part, and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

SAAD, P.J., concurred.

SCHUETTE, J. (*dissenting in part*). I respectfully dissent in part. I am reluctant to disturb the decision of the trial court with respect to spousal support and I would uphold the trial court's determination of this issue.

The case *Sparks v Sparks*, 440 Mich 141; 485 NW2d 893 (1992), established the framework for appellate review of property settlements and spousal support in a divorce matter. In *Sparks*, the Michigan Supreme Court held:

> The appellate court must first review the trial court's
> findings of fact under the clearly erroneous standard. If the
> findings of fact are upheld, the appellate court must decide
> whether the dispositive ruling was fair and equitable in light
> of those facts. But because we recognize that the disposi-
> tional ruling is an exercise of discretion and that appellate
> courts are often reluctant to reverse such rulings, we hold
> that the ruling should be affirmed unless the appellate court
> is left with the firm conviction that the division was inequi-
> table. [*Id.* at 151-152 (citations omitted).]

See also *Ianitelli v Ianitelli*, 199 Mich App 641, 644;
502 NW2d 691 (1993); *Draggoo v Draggoo*, 223 Mich
App 415, 429; 566 NW2d 642 (1997). In this case, a
review of the record indicates that the trial court's
findings of fact are not clearly erroneous.

In addition, the *Sparks-Ianitelli* framework re-
quires affirmance unless the appellate court is left
with the firm conviction that the division is inequita-
ble. Here, the trial court reviewed and balanced the
facts and circumstances surrounding a twenty-three-
year relationship and a ten-year marriage in crafting a
division of marital property and in concluding that
there was a need for a fifteen-year spousal support
decree. The trial court applied the various factors out-
lined in *Sparks* in considering both the spousal sup-
port and the division of marital property. *Sparks,*
*supra* at 159-160.

Often, although not universally, the design of a divi-
sion of marital property and the award of spousal
support is the result of an intricate and delicate equa-
tion that should not be altered without a firm convic-
tion that it was inequitable. I am of the opinion that
the trial court's determination of spousal support is
not inequitable under the facts and circumstances of

this case. I would affirm the trial court's decision with
regard to spousal support.