# STATE OF MICHIGAN

# COURT OF APPEALS

TONY LEE SZCYGIEL,

Plaintiff/Cross Defendant-
Appellant,

v

SUSAN KAYE SZCYGIEL,

Defendant/Cross Plaintiff-Appellee.

UNPUBLISHED
October 24, 2017

No. 333227
Tuscola Circuit Court
LC No. 15-028642-DO

Before: BORRELLO, P.J., and MURPHY and RONAYNE KRAUSE, JJ.

PER CURIAM.

Plaintiff appeals of right from a judgment of divorce. On appeal, he challenges the trial court's finding that real property received by defendant during the marriage was not marital property. He also challenges the spousal support award and the division of marital property. For the reasons discussed below, we affirm.

## I. FACTS

The parties were married in 1980. The marriage produced two children who are now adults. The marital home was on a one-acre parcel, located at 3915 S. Plain Road in Kingston, Michigan, that the parties purchased from defendant's parents for $1,000. Defendant's parents resided on a 62-acre parcel of land, located at 3925 S. Plain Road (the property or the 3925 Plain Road property), adjoining the parties' parcel. The parties testified to doing yardwork on the 3925 Plain Road property throughout their marriage. It was established that plaintiff performed "renovations" on defendant's parent's home, such as reroofing the home and renovating a bedroom. Defendant's brother disputed some of the "projects" plaintiff claimed to have completed on the property. He also explained that all family members "chipped in" and performed work on the property.

In 1999, defendant's father passed away. In 2005, plaintiff started a construction business, TLS Enterprises. Plaintiff renovated a "pole barn" on the 3925 Plain Road property and used it as a "shop" for the business. The renovations included the construction of a storage loft and a stairway. Plaintiff also claimed that he installed "underground electrical" to the barn. Plaintiff did not pay his mother-in-law any money for use of the barn.

-1-

In 2008, defendant's mother permanently moved to a medical care facility. In October 2013, she executed a quitclaim deed which conveyed the 3925 Plain Road property to herself, and, upon her death, to defendant. In the spring of 2014, the parties' son and his wife began living in the home previously occupied by defendant's parents. In connection with the son moving in, plaintiff completed numerous projects in the home, including installing countertops, a dishwasher, and a garbage disposal. The parties' son worked for plaintiff and as part of his compensation, he was allowed to live at the home without paying rent. Plaintiff also paid the home's utilities and "insurance" as part of his son's income.

In August 2014, defendant's mother passed away and defendant obtained title to the property. Defendant explained that plaintiff paid the 3925 Plain Road property taxes after her mother's passing. It appears that the status quo of plaintiff using the barn on the property for his business and the parties' son living on the property continued uninterrupted.

Plaintiff filed a complaint for divorce in January 2015 and defendant filed a counter-complaint for divorce shortly thereafter. Following a trial, the trial court ruled that the 3925 Plain Road property was defendant's separate property. In dividing the marital estate, the court awarded defendant the marital home and plaintiff TLS Enterprises. The court also awarded defendant $1,400 per month in spousal support.

## II. STANDARD OF REVIEW.

We review for clear error the trial court's factual findings, including "whether a particular asset qualifies as marital or separate property." *Woodington v Shokoohi*, 288 Mich App 352, 357; 792 NW2d 63 (2010). "Findings of fact are clearly erroneous when this Court is left with the definite and firm conviction that a mistake has been made." *Id*. The trial court's dispositional rulings, such as the division of the martial estate and an award of spousal support, must be affirmed unless we are left with a firm conviction that the decision was inequitable. *Pickering v Pickering*, 268 Mich App 1, 7; 706 NW2d 835 (2005); *Korth v Korth*, 256 Mich App 286, 288; 662 NW2d 111 (2003).

## III. MARITAL PROPERTY

Plaintiff first argues that the trial court erred in finding that the 3925 Plain Road property was not marital property. We disagree.

"[T]he trial court's first consideration when dividing property in divorce proceedings is the determination of marital and separate assets." *Reeves v Reeves*, 226 Mich App 490, 493-494; 575 NW2d 1 (1997). "Marital assets are those that came 'to either party by reason of the marriage . . . '" *Woodington*, 288 Mich App at 358, quoting MCL 552.19. "Generally, marital assets are subject to division between the parties, but the parties' separate assets may not be invaded." *McNamara v Horner*, 249 Mich App 177, 183; 642 NW2d 385 (2002). "Normally, property received by a married party as an inheritance, but kept separate from marital property, is deemed to be separate property not subject to distribution." *Dart v Dart*, 460 Mich 573, 584-585; 597 NW2d 82 (1999). In this case, defendant obtained ownership of the 3925 Plain Road property following the death of her mother in August 2014. The deed that effectuated that conveyance was made in exchange for $1. Regardless of whether defendant's receipt of the

property is characterized as a gift or an inheritance, property that is transferred in this manner is generally considered separate from marital property. *Dart*, 460 Mich at 585.

"After properly recognizing the parties' separate estates and the marital estate, the [trial] court may consider whether invasion of [a party's separate] estate is necessary." *Reeves*, 226 Mich App at 497. "[A] spouse's separate estate can be opened for redistribution when one of two statutorily created exceptions is met." *Id.* at 494. The two statutory exceptions "to the doctrine of noninvasion of separate estates" are found at MCL 552.23 and MCL 552.401. *Id.* at 494-495. MCL 552.23 allows a court to invade a party's separate property "if after division of the marital assets 'the estate and effects awarded to either party are insufficient for the suitable support and maintenance of either party . . . ' " *Id.* at 494, quoting MCL 552.23(1). Plaintiff does not argue that this exception is applicable. Instead, plaintiff argues that trial court erred in ruling that MCL 552.401 did not apply in this case. That statute provides in relevant part as follows:

> The circuit court of this state may include in any decree of divorce or of separate maintenance entered in the circuit court appropriate provisions awarding to a party all or a portion of the property, either real or personal, owned by his or her spouse, as appears to the court to be equitable under all the circumstances of the case, if it appears from the evidence in the case that the party contributed to the acquisition, improvement, or accumulation of the property . . . [MCL 552.401.]

Under this statute, "[w]hen one [spouse] significantly assists in the acquisition or growth of a spouse's separate asset, the court may consider the contribution as having a distinct value deserving of compensation." *Reeves*, 226 Mich App at 495. In this case, plaintiff does not contend that he contributed to the acquisition or accumulation of the property and the court found generally that "[t]here were no proofs presented that indicated that plaintiff's work had actually resulted in an increase to the value of the property", so the issue is whether he contributed to the improvement of the property. MCL 552.401.

"[A] reviewing court defers to the trial court's credibility determinations, and the trial courts factual findings should be affirmed unless the evidence clearly preponderates in the opposite direction." *Pierron v Pierron*, 486 Mich. 81; 782 NW2d 480 (2010). Furthermore "Findings of fact are to be reviewed under the 'great weight' standard, discretionary rulings are to be reviewed for 'abuse of discretion,' and questions of law for 'clear legal error.' *Fletcher v Fletcher*, 447 Mich. 871, 877; 526 NW2d 889 (1994). Under this standard, "a reviewing court should not substitute its judgment on questions of fact unless they 'clearly preponderate in the opposite direction.'" *Id.* at 878, 526 NW2d 889, quoting *Murchie v Std Oil Co.*, 355 Mich. 550, 558, 94 NW2d 799 (1959). Additionally, a reviewing court should defer to the trial court's credibility determinations. *Berger v Berger*, 277 Mich. App. 700, 705; 747 NW2d 336 (2008).

The trial court determined the property to be separate from the marriage and used the testimony throughout the trial, determining credibility and which party met their burden of proof, to come to this conclusion. As the trial court indicated "Defendant presented testimony through witness, Mark Britton (defendant's brother) that the Farmell Tractor and implements had long been equipment used on the farm, long predating the marriage of the parties herein." From defendant's testimony alone the court found that the burden of proof was met. On the contrary

the trial court now found it the burden of the plaintiff to prove otherwise; by showing that one of the statutory exceptions was indeed met. The trial judge, in response to MCL 552.401 statutory exception, claimed that "Certainly, maintaining the property is not the same as "improving" the property. There were no proofs presented that indicate that plaintiff's work had actually resulted in an increase to the value of the property." Concluding that "[t]he plaintiff failed to sustain his burden of establishing that the items of property were not separate" finding "the Farm" and equipment to be separate property. Based on the lower court's findings the judge made a credibility determination and we must only review for 'clear legal error' or 'abuse of discretion'. Thus we must defer to the trial court's decision that neither exception was met nor that plaintiff failed to meet his burden of proof in this case.

Furthermore while plaintiff presented estimates on the amount of money he spent on the projects, it does not follow that the property's value was increased equal to those amounts. As mentioned, defendant's brother testified that "my mom and dad would always pay for everything that was done to the home", and some of the projects occurred when defendant's parents were alive. In any event, because plaintiff did not present proofs that would have allowed the court to discern a distinct "value deserving of compensation," *Reeves*, 226 Mich App at 495, the court did not err in finding that MCL 552.401 was inapplicable.

## IV. DIVISION OF MARITAL PROPERTY

Plaintiff also argues that the division of marital property was inequitable. Specifically, he argues that he should have been awarded a part of the marital home. We disagree with the plaintiff, and the de facto distribution of defendant receiving the Plain Road properties and plaintiff receiving the construction business was an equitable result. Since this Court has affirmed that the trial court did not err in finding that the 3925 Plain Road property was not part of the marital estate, it is not included in the division of marital property and not considered by this Court. Therefore, we find that the trial court did not err in the division of marital property and that the decision was indeed equitable.

"The goal in distributing marital assets in a divorce proceeding is to reach an equitable distribution of property in light of all the circumstances." *Berger v Berger*, 277 Mich App 700, 716-717; 747 NW2d 336 (2008). "An equitable distribution of marital assets means that they will be roughly congruent." *Jansen v Jansen*, 205 Mich App 169, 171; 517 NW2d 275 (1994). "The trial court need not divide the marital estate into mathematically equal portions, but any significant departure from congruence must be clearly explained." *Berger*, 277 Mich App at 717.

Trial courts may consider the following factors in dividing the marital estate: (1) the duration of the marriage, (2) the contributions of the parties to the marital estate, (3) the age of the parties, (4) the health of the parties, (5) the life situation of the parties, (6) the necessities and circumstances of the parties, (7) the parties' earning abilities, (8) the parties' past relations and conduct, and (9) general principles of equity. [*Id.*]

"When dividing marital property, a trial court may also consider additional factors that are relevant to a particular case." *Id.*

-4-

Plaintiff argues that "[i]n the face of the ruling on the Plain Rd. Farm, the trial court was required to award half of the equity in the marital home to the plaintiff". Because plaintiff does not cite authority for that argument, this Court could consider this issue abandoned. See *Mitcham v Detroit*, 355 Mich 182, 203; 94 NW2d 388 (1959) ("It is not enough for an appellant in his brief simply to announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments, and then search for authority either to sustain or reject his position.")

As for the court's division, the court implicitly found that the marital home had an equity value of about $77,000. The 3925 Plain Road property was appraised at $215,000. Despite numerous requests from defendant, there was a dearth of information relating to TLS Enterprises; plaintiff maintained that he provided all the information available to him. Yet, the trial court was incredulous that "there is no accounts receivable" for the business. With the limited information provided to the court, it found that the physical property of the corporation had a value of at least $100,975, with liabilities on that property totaling almost $52,000. The court was also aware, however, that plaintiff's construction business grossed $512,185 in 2014, and, based on the deposits to plaintiff's bank account from January through September 2015, that the business was on pace to surpass that mark in 2015. Although "[a] trial court must make specific findings of fact regarding the value of each disputed piece of marital property awarded to each party in the judgment," *Woodington*, 288 Mich App at 364, defendant conceded that the business should be awarded to plaintiff. Therefore, the corporation was arguably not in dispute.

Under these circumstances, a "roughly congruent" distribution, *Jansen*, 205 Mich App at 171, is accomplished by awarding defendant the 3915 Plain Road property and the Chevy 2012, and plaintiff TLS Enterprises, including "its equipment, accounts receivable, work in progress and related indebtedness." Because we are left with a firm conviction that the trial court's de facto distribution of the marital estate was equitable, we must affirm. See *Reeves v Reeves*, 226 Mich App 490, 497; 575 NW2d 1 (1997).

V. SPOUSAL SUPPORT

Finally, plaintiff argues that the spousal support award was excessive. We disagree.

"The main objective of alimony is to balance the incomes and needs of the parties in a way that will not impoverish either party." *Moore v Moore*, 242 Mich App 652, 654; 619 NW2d 723 (2000). The following factors are relevant to spousal support determinations:

> (1) the past relations and conduct of the parties, (2) the length of the marriage, (3) the abilities of the parties to work, (4) the source and amount of property awarded to the parties, (5) the parties' ages, (6) the abilities of the parties to pay alimony, (7) the present situation of the parties, (8) the needs of the parties, (9) the parties' health, (10) the prior standard of living of the parties and whether either is responsible for the support of others, (11) contributions of the parties to the joint estate, (12) a party's fault in causing the divorce, (13) the effect of cohabitation on a party's financial status, and (14) general principles of equity. [*Olson v Olson*, 256 Mich App 619, 631; 671 NW2d 64 (2003).]

Relying on *Healy v Healy*, 175 Mich App 187; 437 NW2d 355 (1989), plaintiff argues that the trial court improperly imputed income to him. In *Healy*, we affirmed the trial court when it determined the spousal support award by imputing to the defendant the income he received before he voluntarily reduced his income in response to the divorce proceedings. In this case, plaintiff argues that there was no evidence that he voluntarily reduced income. But plaintiff fails to recognize that the trial court did not impute income to him; rather, it simply found that his income was greater than what he maintained it to be.

Plaintiff's income tax returns showed that his construction business grossed $363,086, $471,825, and $512,185, in 2012, 2013, and 2014, respectively, but that his "net profits" in those years were substantially less. The trial court found that plaintiff pays "for *all* of his expenses, both business and household through his business account," which plaintiff does not dispute on appeal.

To determine plaintiff's actual income, defendant retained a certified public accountant to ascertain how much plaintiff needed to make in order to pay his monthly expenses. The accountant testified that plaintiff's "cash basis business income," i.e., the amount needed to pay his expenses, was $62,192. After trial, plaintiff did not object to the accountant's methods, calculations, or the need to determine what his *actual* income was. Instead, he suggested that his average net profits from the previous three years should be averaged with the accountant's estimate, which would result in an average annual income of about $41,590. The court declined that invitation and instead found that plaintiff's annual disposable income was $62,192. Plaintiff does not argue that the court's finding was clearly erroneous, nor does he suggest that the trial court erred in relying on the accountant's testimony. Accordingly, we are not convinced that the trial court's finding was clearly erroneous.

Plaintiff argues that trial court erred in finding that "there was no evidence presented by which the Court could conclude that the plaintiff is not capable of continuing to earn similar income going forward." Plaintiff points to his testimony that his business was declining and that numerous health conditions would prevent him from continuing to work as much as he had in the past. It is clear that the trial court did not find plaintiff's testimony credible. "Special deference is given to the trial court's findings when they are based on the credibility of the witnesses." *Woodington*, 288 Mich App at 355. Plaintiff presented no corroborating evidence of his health conditions. As for his business, plaintiff's income tax returns showed that his gross income increased substantially each year from 2012 to 2014. As indicated, he was on pace for a record year in 2015. For those reasons, we are not convinced that the trial court erred in determining plaintiff's income.

In awarding defendant spousal support, the court considered many of the factors found in *Olson*, 256 Mich App at 631. Specifically, the court was cognizant that this was a 34-year marriage and that defendant undisputedly has health conditions such as type 2 diabetes and fibromyalgia. Despite her health, defendant continues to work. Given the circumstances, the trial court thought it should try to equalize the parties' respective incomes with the spousal

support award.  We are not "left with a firm conviction that the decision was inequitable." *Korth*, 256 Mich App at 288.

Affirmed.

/s/ Stephen L. Borrello
/s/ William B. Murphy
/s/ Amy Ronayne Krause