# STATE OF MICHIGAN

# COURT OF APPEALS

PAVEL LEONTE,

        Plaintiff-Appellee,

v

CARMEN LEONTE, also known as CARMEN
APOSTIL,

        Defendant-Appellant.

UNPUBLISHED
April 12, 2018

No. 334931
Washtenaw Circuit Court
LC No. 09-001251-DM

Before: O'CONNELL, P.J., and BECKERING and STEPHENS, JJ.

PER CURIAM.

In this divorce action, defendant, Carmen Leonte, appeals as of right the trial court's order entered on August 31, 2016. The trial court originally entered a default judgment of divorce in December 2009. Two panels of this Court have summarized the procedural history of this case.[1] A third panel denied a delayed application for leave to appeal.[2] This appeal is defendant's fourth. We will address only those issues that are directly raised in this appeal. Because we find no errors that require reversal of the trial court's decision to deny spousal support, deny sanctions, deny attorney fees, and grant the divorce *nunc pro tunc* to December 8, 2009, we affirm the trial court's order.

## I. SPOUSAL SUPPORT

Defendant argues that the trial court erred by denying her request for spousal support. We disagree. We review a trial court's findings of fact related to spousal support for clear error.

---

[1] See *Leonte v Leonte*, unpublished per curiam opinion of the Court of Appeals, issued May 24, 2011 (Docket No. 296602), and *Leone v Leonte*, unpublished per curiam opinion of the Court of Appeals, issued October 22, 2013 (Docket No. 309914).

[2] *Leonte v Leonte*, unpublished order of the Court of Appeals, entered August 8, 2016 (Docket No. 332737). Because this Court denied leave to appeal in that case, we decline to address defendant's challenges to the trial court's October 30, 2015 order at issue in that appeal. Further, we note that the trial court found that defendant was permitted to cross-examine plaintiff's expert witnesses about the value of the assets in question, which was a less severe sanction than default.

*Moore v Moore*, 242 Mich App 652, 654; 619 NW2d 723 (2000). "A finding is clearly erroneous if the appellate court is left with a definite and firm conviction that a mistake has been made." *Id.* at 654-655. "The main objective of alimony is to balance the incomes and needs of the parties in a way that will not impoverish either party, and alimony is to be based on what is just and reasonable under the circumstances of the case." *Olson v Olson,* 256 Mich App 619, 631; 671 NW2d 64 (2003).

The record supports the trial court's factual findings regarding the spousal support factors. Although defendant indicated that she had health problems and did not make sufficient income to support herself, she presented no evidence of any restrictions on her ability to work or of her minimal income. Defendant was employed as a truck driver at the time of trial. She also had an associate's degree in accounting and a real estate license, so she had sufficient earning potential to support herself.

Defendant presented no evidence that the property awarded to each party in the 2009 judgment of divorce was insufficient. In that judgment, defendant was awarded the marital home and one of three business condominiums, having equity in excess of $550,000. She was awarded 100% interest in the parties' company, C&M Tool, Inc. The other business was dissolved, and any of its assets not specifically provided for in the divorce judgment were divided equally between the parties. Defendant was also awarded her own retirement assets, debts, bank accounts, personal property, and vehicle. The total division resulted in each party receiving $450,927.46 in value. Accordingly, defendant was awarded sufficient resources to support herself, and an award of spousal support was unwarranted.

## II. SANCTIONS

Next, defendant argues that the trial court erred by refusing to impose sanctions. We disagree. The determination of an appropriate sanction is within the discretion of the trial court. MCR 2.114(E). We review a trial court's decision regarding the imposition of sanctions for clear error. *Schadewald v Brulé*, 225 Mich App 26, 41; 570 NW2d 788 (1997).

Defendant first argues that plaintiff's failure to inform the court about the "reconciliation discussions" constituted fraud. This Court previously resolved this issue when it determined that the trial court did not err by finding that "fraud was not the main cause of the discovery delays . . . ." *Leonte v Leonte*, unpublished per curiam opinion of the Court of Appeals, issued October 22, 2013 (Docket No. 309914), p 3 n 2. Therefore, we decline to address this argument because the prior ruling remains the law of the case. See *Ashker v Ford Motor Co*, 245 Mich App 9, 13; 627 NW2d 1 (2001). We also decline to address defendant's argument that the trial court erred by not sanctioning plaintiff for undervaluing the Romanian property because defendant abandoned this issue by failing to address the merits of her assertion of error. See *Thompson v Thompson*, 261 Mich App 353, 356; 683 NW2d 250 (2004). In short, the trial court did not err by denying defendant's motion for sanctions.

## III. ATTORNEY FEES AND COSTS

Defendant argues that the trial court erred when it denied her request for attorney fees because she does not have the ability to pay and plaintiff does. We disagree. This Court reviews

a trial court's grant or denial of attorney fees in a divorce proceeding for an abuse of discretion and any foundational findings of fact for clear error. *Reed v Reed*, 265 Mich App 131, 164; 693 NW 2d 825 (2005).

Attorney fees may be awarded in a divorce action when a party needs financial assistance to prosecute or defend the action. MCL 552.13(1). A party requesting attorney fees and expenses "must allege facts sufficient to show that the party is unable to bear the expense of the action, and that the other party is able to pay[.]" MCR 3.206(C)(2)(a). A trial court is required to give "special consideration to the specific financial situations of the parties and the equities involved." *Myland v Myland*, 290 Mich App 691, 703; 804 NW2d 124 (2010). Defendant failed to meet her burden because she did not allege facts sufficient to show that plaintiff has the ability to pay her attorney fees, nor did defendant offer evidence to overcome the trial court's finding that both parties had limited financial means. In addition, defendant has incurred fees and costs that were not necessary to defend the divorce action by pursuing repetitive claims. Accordingly, the trial court did not abuse its discretion by declining to award attorney fees.

## IV. DIVORCE *NUNC PRO TUNC*

Finally, defendant asserts that the trial court erred when it entered the divorce judgment *nunc pro tunc*. We disagree. We review a trial court's decision to enter a judgment *nunc pro tunc* for an abuse of discretion. *Vioglavich v Vioglavich*, 113 Mich App 376, 386-387; 317 NW2d 633 (1982). An abuse of discretion occurs when the trial court's decision is outside the range of reasonable and principled outcomes. *In re Temple Marital Trust*, 278 Mich App 122, 128; 748 NW2d 265 (2008).

Generally, remarrying while still married to another person invalidates the second marriage, but the entry of a divorce judgment *nunc pro tunc* will validate the second marriage. *Vioglavich*, 113 Mich App at 384. In this case, the trial court did not abuse its discretion when it entered the judgment of divorce *nunc pro tunc*. Defendant conducted herself as divorced as of December 2009 by filing tax returns in single status or in married status when she remarried in 2012 and in 2014.[3] These marriages would not be valid if the trial court's entry of the judgment of divorce were not *nunc pro tunc*, and defendant would be guilty of the felony of bigamy, see MCL 750.439. Therefore, the trial did not abuse its discretion when it entered the divorce judgment *nunc pro tunc*.

Affirmed.

/s/ Peter D. O'Connell
/s/ Jane M. Beckering
/s/ Cynthia Diane Stephens

---

[3] Defendant first remarriage commenced on March 19, 2012 and ended on, and she remarried again on July 1, 2014.