*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

LARRY ANDERSON,

Plaintiff-Appellant,

v

MARY ANDERSON,

Defendant-Appellee.

UNPUBLISHED
December 17, 2020

No. 349616
Antrim Circuit Court
LC No. 15-007200-DO

Before: RONAYNE KRAUSE, P.J., and MARKEY and BORRELLO, JJ.

PER CURIAM.

Plaintiff Larry Anderson appeals by leave granted the trial court's order denying his motion to modify spousal support. We reverse and remand for further proceedings.

## I. FACTUAL BACKGROUND

Plaintiff and defendant Mary Anderson were divorced in February 2016. The judgment of divorce contained a spousal support provision that was based on a settlement agreement the parties negotiated in September 2015 following mediation. The divorce judgment, entered in February 2016, required plaintiff to pay defendant $3,500 per month in spousal support until her death, remarriage, or further order of the court. The judgment additionally indicated that "[s]pousal support and any provision of spousal support are modifiable, except that, in the event Plaintiff receives Inheritance, this shall not be a change of circumstances or proper cause for Defendant to petition the court to increase spousal support." Under the terms of the judgment of divorce, either party could petition the court for modification of spousal support when defendant reached the age of 62, notwithstanding anything in the judgment to the contrary.

Plaintiff had owned a majority interest in two companies that provided support services for the oil and gas industry. He took his salary from one of the companies, which in 2013 was $464,702. By 2015, both businesses were struggling financially because of a dramatic decrease in oil prices. Shortly after the divorce, plaintiff dissolved both companies. After attempting but failing to obtain another job in the oil and gas industry, plaintiff began working as a truck driver hauling goods across the country. He reported a salary of $71,401 in 2016, $38,172 in 2017, and $85,000 in 2019.

-1-

In December 2017, plaintiff moved in the trial court to modify his spousal support obligation because of the change in his income. By May 2018, a net arrearage of $21,853 had accumulated. At the hearing on the motion, plaintiff argued that his income had decreased significantly and that he could no longer afford to make the full monthly payment of spousal support. Defendant responded by arguing that the financial instability of plaintiff's companies was known to plaintiff at the time of divorce; therefore, the inevitable collapse of the companies did not and could not constitute a change of circumstances.

Following the hearing, during which the trial court heard testimony and reviewed exhibits, including tax documents, the court denied plaintiff's motion. The trial court concluded that there had been no change of circumstances warranting modification of support because at the time of the divorce, plaintiff had known about the dire economic situation that his businesses were in and the possibility of liquidation. Plaintiff moved for reconsideration, which the trial court denied. This Court granted plaintiff's application for leave to appeal.[1]

II. ANALYSIS

Plaintiff argues that the trial court abused its discretion when it concluded that no change of circumstances had occurred and denied his motion for modification of spousal support on the sole basis of its determination that plaintiff knew that his businesses were failing when the divorce judgment was entered.

In *Smith v Smith*, 328 Mich App 279, 286; 936 NW2d 716 (2019), this Court observed as follows:

> This Court reviews "the trial court's factual findings relating to the award or modification of [spousal support] for clear error." *Moore v Moore*, 242 Mich App 652, 654; 619 NW2d 723 (2000). "A finding is clearly erroneous if the appellate court is left with a definite and firm conviction that a mistake has been made." *Id*. at 654-655. When a trial court's findings are not clearly erroneous, we must then decide whether the dispositional ruling was fair and equitable in light of the facts. *Id*.

A judgment of divorce entered upon a settlement agreement reached by the parties represents a contract, which, if unambiguous, is interpreted as a question of law subject to de novo review. *Holmes v Holmes*, 281 Mich App 575, 587; 760 NW2d 300 (2008).

"The primary purpose of spousal support is to balance the parties' incomes and needs so that neither party will be impoverished, and spousal support must be based on what is just and reasonable considering the circumstances of the case." *Loutts v Loutts*, 298 Mich App 21, 32; 826 NW2d 152 (2012). An award of spousal support is generally subject to modification unless the parties agreed otherwise. MCL 552.28; *Smith*, 328 Mich App at 283-284. "The modification of an award of spousal support must be based on new facts or changed circumstances arising after

---

[1] *Anderson v Anderson*, unpublished order of the Court of Appeals, entered November 13, 2019 (Docket No. 349616).

the judgment of divorce." *Gates v Gates*, 256 Mich App 420, 434; 664 NW2d 231 (2003). "The party moving for modification has the burden of showing such new facts or changed circumstances." *Id.* There must be an evaluation of the circumstances as they exist at the time modification is sought, as compared to the facts and circumstances that existed at the time the divorce judgment was entered. *Laffin v Laffin*, 280 Mich App 513, 519; 760 NW2d 738 (2008).

Again, the trial court found that, at the time of the divorce, plaintiff had known that his companies were financially unstable and would have to be liquidated. Plaintiff's own testimony supported this finding. The trial court also indicated that plaintiff knew that he would not be able to meet his support obligation when he signed the divorce. The record was less conclusive on this point. Plaintiff testified that he did not believe when settling the case that he would be able to pay $3,500 a month until defendant reached age 62. Plaintiff also testified that he insisted on inclusion of the modification provision so that the spousal support amount could be adjusted if he were not able to pay in the future. He was not asked, and did not testify, about how long he anticipated he could meet the $3,500 monthly obligation.

Nevertheless, the trial court viewed as dispositive plaintiff's concession that he knew at the time of the divorce that he would have to invoke the modification provision at some point before defendant reached age 62. The trial court indicated that having this belief and still signing the divorce judgment bordered on fraud on plaintiff's part. This accusation was not deserved or appropriate. The record reflected that defendant was also aware of the financial difficulties of the businesses at the time of mediation, yet she agreed to the inclusion of a modification provision with respect to spousal support. Moreover, the divorce judgment precluded a finding of a change of circumstances on the basis of plaintiff's receiving a future inheritance, but there was no comparable provision in regard to the potential demise of plaintiff's businesses even though both parties were aware of that possibility. Plaintiff's belief that the modification provision would have to be employed at some point in the future did not eliminate his ability to rely on it once a change of circumstances actually occurred. Additionally, the fact is that the companies had not yet been dissolved when the divorce judgment was entered; consequently, their *subsequent* dissolution was indeed a new fact and constituted a change of circumstances.[2]

Furthermore, the trial court should have considered whether plaintiff's financial situation deteriorated beyond the extent that he expected when he signed the divorce judgment. The $3,500 monthly support obligation constituted 9% of plaintiff's 2013 income; in contrast, the evidence presented indicated that the obligation constituted 110% of his 2017 income. The evidence did not reflect that plaintiff expected his income to decrease and his relative support burden to rise to that significant extent. Plaintiff testified that after shuttering the companies, he unsuccessfully

---

[2] The trial court's reliance on *Stroud v Stroud*, 450 Mich 542, 544-545; 542 NW2d 582 (1995), is entirely misplaced because the parties in *Stroud* had agreed to the application of a set of formulas to calculate future support payments, which formulas explicitly detailed how future payments would be adjusted if the paying spouse's income increased or decreased. Here, nothing of the sort was contained in the judgment of divorce.

applied for more than 20 positions in the oil and gas industry and created two new businesses. His current wife testified that significant amounts were liquidated from plaintiff's IRA to pay bills, and plaintiff testified that he still owed significant debts. Plaintiff dissolved his businesses in the summer of 2016 but continued making his support payments until he filed his motion to modify support in December 2017. We hold that the evidence indisputably established the presence of new facts and a change of circumstances when comparing the facts and circumstances as they existed at the time of divorce to the facts and circumstances as they existed when plaintiff moved to modify his spousal support obligation. The threshold having been satisfied, trial court must now determine an amount of spousal support that is fair and equitable under the circumstances.[3]

We reverse the trial court's order denying plaintiff's motion to modify spousal support and remand for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Amy Ronayne Krause
/s/ Jane E. Markey
/s/ Stephen L. Borrello

---

[3] To be clear, we are in no way limiting or inhibiting the trial court's exercise of discretion in determining what is fair and equitable under the circumstances.