*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ERIC D. JOHNSON,

      Plaintiff-Appellant,

UNPUBLISHED
January 19, 2023

v

No. 360783
Wayne Circuit Court
LC No. 18-103654-DO

TAMMY A. JOHNSON,

      Defendant-Appellee.

Before: M.J. KELLY, P.J., and BOONSTRA and SWARTZLE, JJ.

PER CURIAM.

Plaintiff was paying defendant spousal support in accordance with a consent judgment for divorce that the parties entered into in 2018. Plaintiff then retired in January 2020, and he moved to terminate the spousal-support payments based on a change in circumstance. The trial court reduced the payment to $400 per month, after imputing plaintiff's income with the Social Security benefits that he deferred. We affirm.

The consent judgment of divorce stated that plaintiff shall pay defendant spousal support in the amount of $1,800 per month until defendant's death, remarriage, or further order from the court. Plaintiff made these payments until he retired, and he then moved to terminate the spousal-support payments because his income had changed. Plaintiff also argued that defendant's income, comprised of her Social Security benefit payments and half of plaintiff's pension from the consent judgment of divorce, was higher than his income (i.e., his half of his pension).

Defendant argued that she still needed the spousal-support payments, and she listed that her monthly bills totaled more than her income. Further, she argued that plaintiff deferred his Social Security benefit payments until he reached a later age so that he could then receive a higher monthly payment, and she should not have her spousal-support payment terminated because plaintiff was voluntarily reducing his income for a relatively short period of time.

The trial court held an evidentiary hearing at which it received testimonies regarding both parties' expenses and incomes. Plaintiff submitted that he would receive $2,397 per month in Social Security benefits if he applied for Social Security benefits at the time of the hearing, and he would receive $2,631 per month if he waited to apply until he was 66 years and four months old.

-1-

The trial court imputed deferred income of $2,397 to plaintiff, and it found that plaintiff's income was $3,257 per month (imputed Social Security benefit payment plus his half of his pension) while defendant's income was $1,643 per month. The trial court ordered that plaintiff's spousal-support payment would be reduced to $400 per month, and it was retroactive to when plaintiff filed for the termination of spousal support and stopped paying spousal support.

Plaintiff now appeals.

"It is within the trial court's discretion to award spousal support, and we review a spousal support award for an abuse of discretion." *Loutts v Loutts*, 298 Mich App 21, 25; 826 NW2d 152 (2012) (cleaned up). "We also review for an abuse of discretion a trial court's decision whether to impute income to a party." *Id*. at 25-26. "An abuse of discretion occurred when the trial court's decision falls outside the range of reasonable and principled outcomes." *Woodington v Shokoohi*, 288 Mich App 352, 255; 792 NW2d 63 (2010).

"This Court reviews the trial court's factual findings relating to the award or modification of [spousal support] for clear error." *Smith v Smith*, 328 Mich App 279, 286; 936 NW2d 716 (2019) (cleaned up). "A finding is clearly erroneous if, after reviewing the entire record, we are left with a definite and firm conviction that a mistake was made." *Loutts*, 298 Mich App at 26. "If the trial court's findings are not clearly erroneous, we must determine whether the dispositional ruling was fair and equitable under the circumstances of the case." *Id*.

"The object in awarding spousal support is to balance the incomes and needs of the parties so that neither will be impoverished; spousal support is to be based on what is just and reasonable under the circumstances of the case." *Id*. "The modification of an award of spousal support must be based on new facts or changed circumstances arising after the judgment of divorce." *Gates v Gates*, 256 Mich App 420, 434; 664 NW2d 231 (2003).

In this case, the record supports that plaintiff's retirement was a change in circumstance that necessitated a modification of the spousal support. Plaintiff's main argument is that his deferral of Social Security benefits should be considered a "prudent investment strategy" that should not be imputed as income. Plaintiff relies on *Clarke v Clarke*, 297 Mich App 172; 823 NW2d 318 (2012) and *Moore v Moore*, 242 Mich App 652; 619 NW2d 723 (2000) to support his proposition. These cases are inapplicable.

*Clarke* involved whether a deferral of Social Security benefits was considered income under the Michigan Child Support Formula (MCSF) definitions. This Court held that the deferral was not considered income because the MCSF specifically defined income as the distributed profits or payments from Social Security benefits. *Clarke*, 297 Mich App at 180. This case is not implicated by the MCSF, and that definition of income does not apply here.

*Moore* involved whether the payee of spousal support could have her deferral of pension benefits imputed as income, and this Court remanded the matter to the trial court to determine if the deferred election was possibly a prudent investment strategy. *Moore*, 242 Mich App at 655. This Court explained:

> In this case, in determining whether imputing income to plaintiff was appropriate, the court should have considered whether plaintiff could elect to draw

her share of the pension now without any reduction in benefits. If this is the case, we believe that plaintiff would be voluntarily reducing her income. Under this situation, [*Healy v Healy*, 175 Mich App 187; 437 NW2d 355 (1989)] applies and the income should be imputed to plaintiff, if she did not receive the benefits currently. On the other hand, if by taking her share of the pension now she would receive a reduced amount, it is inappropriate to impute the pension benefits as income. For plaintiff to defer election of pension benefits to a later date when the benefits would be larger should not be viewed as a voluntary reduction in income, but rather as a possibly prudent investment strategy. [*Id*.]

*Moore* considered whether the deferral of pension benefits, that were divided in the divorce, could be considered imputed income. *Moore* does not stand for the proposition that a deferral of Social Security benefits is never considered a voluntary reduction in income. In this case, the needs of defendant were calculated in the consent judgment of divorce and plaintiff's Social Security benefit payments were not considered even though defendant's Social Security benefits were already counted as income for her. Simply put, it is not outside the range of principled outcomes for the trial court to consider plaintiff's deferred Social Security benefits as income when it was also considering defendant's Social Security benefits as income for her.

Plaintiff also argues that the trial court erred when applying the spousal-support payments retroactively. Plaintiff's argument is misplaced. "[T]he clear language of MCL 552.603(2) also allows for the retroactive modification of support orders from the date of notice of a petition for modification of support." *Cipriano v Cipriano*, 289 Mich App 361, 374; 808 NW2d 230 (2010). "The retroactivity of a modification is a matter within the court's discretion; however, the modification may not take effect before the time the petition to modify was filed." *Id*. It is not outside the range of principled outcomes for the trial court to determine that defendant was entitled to payments, and to enforce those payments retroactively to the last date that they were not paid while plaintiff initiated this suit.

Lastly, plaintiff argues that the trial court imputed the wrong amount of deferred Social Security benefits retroactively because the trial court used the payment that he would get if he had applied for Social Security benefits at the time of the hearing and not the amount that he would have gotten if he had applied for those benefits at the time he retired. Simply put, plaintiff argues that the retroactive imputation of his income is higher than it would have been if he had accepted the benefits at the time he retired because those benefit payments increased between the time he retired and the time the trial court calculated his imputed income.

This argument, however, is also without merit. If plaintiff elects to accept his benefit payments now, each payment would be $2,397 and not some other lesser amount. The imputed income that the trial court considered was calculated from the benefit payments that plaintiff could receive. The increase in the benefit amount that plaintiff receives is relevant to his income, and the actual amount he receives is considered in the calculation. Further, there is not a definite and firm conviction that a mistake was made when the trial court chose $2,397 as the amount plaintiff would receive because that is the amount that plaintiff provided on his supplemental exhibit when the trial court instructed plaintiff to demonstrate the difference in payment amounts. Plaintiff did not provide how much he would have received if he had taken the benefit payments on the day that he retired. Instead, plaintiff supplied to the trial court that the $2,397 amount was the lesser

amount that he was deferring, and now argues that it was the incorrect amount to impute without stating what the correct amount would be.

Affirmed. Defendant, as the prevailing party, may tax costs under MCR 7.219.

/s/ Michael J. Kelly
/s/ Mark T. Boonstra
/s/ Brock A. Swartzle