REEVES v REEVES

Docket No. 187577. Submitted May 14, 1997, at Lansing. Decided November 21, 1997, at 9:15 A.M. Leave to appeal sought.

Carol J. Reeves was granted a judgment of divorce from Clyde G. Reeves in the Bay Circuit Court, William J. Caprathe, J., in 1995. The parties had begun cohabiting in 1987 and were married in 1991. When the parties began cohabiting, the defendant purchased a condominium for them to live in, supplying the down payment and financing the remainder. The defendant made all subsequent payments on the mortgage. While cohabiting, they bought two rental properties in both parties' names, although the defendant alone made the down payments. The defendant also owned an interest in a shopping center resulting from a capital investment he made in 1982. The court included the entire equity value of the condominium and the rental properties in the marital estate and also included in the marital estate the amount that the defendant's interest in the shopping center had increased in the six years before the divorce. The defendant appealed from the judgment with regard to the property division. The plaintiff cross appealed from the court's denial of her request for an award of attorney fees.

The Court of Appeals *held*:

1. The down payment for the condominium and the equity and appreciation that occurred before the parties' marriage should have been considered to be the defendant's separate estate. The trial court erred in considering the entire equity value of the condominium as part of the marital estate. That part of the order must be reversed, and the matter must be remanded for reconsideration.

2. The down payments for the rental properties and any increase in the value of the properties before the parties' marriage should have been considered to be the defendant's separate estate. That part of the order must be reversed, and the matter must be remanded for reconsideration.

3. The trial court erred in including in the marital estate the amount that the defendant's interest in the shopping center increased in value either before or after the parties' marriage. That part of the order must be reversed, and the matter must be remanded for reconsideration.

4. The property division inequitably favors the plaintiff when the defendant's separate estate is deleted from the property the court divided. The matter must be remanded to allow the court to render an equitable property division that recognizes the defendant's separate estate. The only statutory ground that would allow the court to invade the defendant's separate estate on remand would be if the court found that the award that would otherwise be given to the plaintiff would be insufficient for her suitable support and maintenance. The court may reconsider the plaintiff's request for attorney fees after rendering a new property division.

Reversed in part and remanded.

NEFF, P.J., dissenting, stated that the order regarding the division of property and denying the request for attorney fees should be affirmed. The trial court properly invaded the defendant's separate estate because the marital assets were insufficient for the suitable support and maintenance of the plaintiff. The court did not clearly err in finding the evidence supported treating the parties' four years of cohabitation during which they held themselves out as man and wife and four years of marriage as an eight-year marriage. The property division was equitable. The denial of an award of attorney fees was not an abuse of discretion.

DIVORCE — PROPERTY DIVISION — MARITAL ESTATE — SEPARATE ESTATES — INVASION OF SEPARATE ESTATES.

A court granting a divorce may divide as the marital estate all property that came to either party by reason of the marriage; the court, in apportioning the marital property, must strive for an equitable division of increases in marital assets that may have occurred between the beginning and the end of the marriage; the marital estate is divided between the parties and each party takes away from the marriage that party's own separate estate with no invasion by the other party; a spouse's separate estate may be opened for redistribution either if, after division of the marital assets, the estate and effects awarded to the other party are insufficient for the suitable support and maintenance of that party or if the other spouse contributed to the acquisition, improvement, or accumulation of the separate property (MCL 552.19, 552.23, 552.401; MSA 25.99, 25.103, 25.136).

*Allsopp, Kolka & Wackerly, P.C.* (by *William W. Allsopp*), for the plaintiff.

*Patrick R. Winter, P.C.* (by *Patrick R. Winter*), for the defendant.

Before: NEFF, P.J., and WAHLS and TAYLOr, JJ.

TAYLOR, J. Defendant appeals as of right from a judgment of divorce, claiming that several of the trial court's factual findings were clearly erroneous and that the property division is inequitable because the trial court erroneously included nonmarital assets in the marital estate. Plaintiff cross appeals, claiming that the trial court erred in failing to award her attorney fees. We reverse in part and remand for further proceedings.

The parties met and became romantically involved in 1986 and began cohabiting in 1987. When the parties met, defendant was working as a real estate broker and plaintiff was a bartender. Defendant had an interest in several real estate investments before meeting plaintiff, including a one-sixth ownership interest in the Standish Plaza shopping center resulting from a capital investment made in 1982. When the parties began cohabiting in 1987, defendant purchased a condominium, supplying a $14,000 down payment and financing the remainder of the purchase price. The parties lived together at the condominium, with defendant making all subsequent payments on the mortgage. During the period of cohabitation, two rental properties on Warner and Catherine Streets in Bay City were bought in both parties' names. As with the condominium, defendant alone made the down payment for each rental property. In March 1991, the parties married. During the period of cohabitation and marriage, plaintiff worked intermittently as a real estate salesperson and as a waitress and also performed housekeeping duties for the parties. The marriage did not produce any children.

Plaintiff filed for a divorce in June 1994. The court included as marital property that was later divided the entire $50,000 equity value of the condominium where the parties resided, the entire equity value of the Warner Street rental property, the entire equity value of the Catherine Street rental property, and defendant's interest in the Standish Plaza, which had appreciated $100,000 over the years the parties cohabited and were married. The trial court awarded no alimony and denied plaintiff's request for attorney fees.

Defendant claims that the trial court erred in considering the entire equity value of the condominium and the $100,000 appreciation of the Standish Plaza as part of the marital estate. We agree.

The distribution of property in a divorce is controlled by statute. MCL 552.1 *et seq.*;  MSA 25.81 *et seq.*; *Charlton v Charlton*, 397 Mich 84, 92; 243 NW2d 261 (1976).   In granting a divorce, the court may divide all property that came "to either party *by reason of the marriage* . . . ." MCL 552.19;  MSA 25.99 (emphasis added). When apportioning marital property, the court must strive for an equitable division of increases in marital assets "that may have occurred between the *beginning* and the end of the marriage." *Bone v Bone*, 148 Mich App 834, 838; 385 NW2d 706 (1986)  (emphasis added).[1] Thus, the trial court's first

---

[1] Rather than focusing on the four years the parties had been married, the court said it was equitably considering the parties to have been married for eight years. This was error. Michigan does not recognize common-law marriages. *Carnes v Sheldon*, 109 Mich App 204, 211, 216-217; 311 NW2d 747 (1981). Cohabiting with someone is not the same as marrying them. Further, *Bone, supra*, required the court to look at the period that began with the marriage. A court is not free to expand this period to include any cohabitation that may have occurred before the parties's marry.

consideration when dividing property in divorce pro-
ceedings is the determination of marital and separate
assets. *Byington v Byington*, 224 Mich App 103, 114,
n 4; 568 NW2d 141 (1997). This distinction between
marital and separate estates has long been recognized
in this state. *Charlton, supra* at 92-94; *Davey v
Davey*, 106 Mich App 579, 583; 308 NW2d 468 (1981).
Generally, the marital estate is divided between the
parties, and each party takes away from the marriage
that party's own separate estate with no invasion by
the other party. However, a spouse's separate estate
can be opened for redistribution when one of two
statutorily created exceptions is met. MCL 552.23
and 552.401; MSA 25.103 and 25.136; *Charlton,
supra* at 92-94.

The first exception to the doctrine of noninvasion
of separate estates is found at MCL 552.23; MSA
25.103. Subsection 1 of this statute permits invasion
of the separate estates if after division of the marital
assets "the estate and effects awarded to either party
are insufficient for the suitable support and mainte-
nance of either party . . . ." As interpreted by our
courts, this means that invasion is allowed when one
party demonstrates additional need. In *Charlton*, the
Court allowed invasion of a separate estate because a
division of the marital assets alone would have been
insufficient for suitable support in the manner to
which the Charltons were accustomed. *Charlton,
supra* at 94. Holding consistently with this, where no
showing of need was made, this Court reversed an
invasion of separate estates in *Davey*. The other stat-
utorily granted method for invading a separate estate
is available only when the other spouse "contributed
to the acquisition, improvement, or accumulation of

the property." MCL 552.401; MSA 25.136. When one significantly assists in the acquisition or growth of a spouse's separate asset, the court may consider the contribution as having a distinct value deserving of compensation.

In *Grotelueschen v Grotelueschen*, 113 Mich App 395, 399-400; 318 NW2d 227 (1982), this Court held that a separate estate was unavailable for invasion because the other spouse had no involvement with that estate. Accordingly, one spouse's inheritance that had been left alone in a separate bank account could not be redistributed. Subsequently, in *Hanaway v Hanaway*, 208 Mich App 278, 294; 527 NW2d 792 (1995), this Court held that the defendant's inherited stock in a family-owned company was available for invasion because the plaintiff's handling of child-rearing and domestic duties had freed the defendant to concentrate on building up that company. The *Hanaway* Court found that the defendant's stock had "appreciated because of defendant's efforts, facilitated by plaintiff's activities at home." *Id.* at 294.

We first consider the propriety of the trial court's inclusion of the entire equity value of the condominium as part of the marital estate. As previously indicated, defendant provided a $14,000 down payment for the condominium before the parties married, and equity was built up in the condominium as a result of payments solely made by defendant before the parties married. Further, the condominium may have appreciated after defendant purchased it but before the parties married. The sharing and maintenance of a marital home affords both spouses an interest in any increase in its value (whether by equity payments or appreciation) over the term of a marriage. Such

amount is clearly part of the marital estate. However, the down payment, the equity built up before the parties' marriage, and any appreciation that occurred before the parties' marriage should have been considered defendant's separate estate. Thus, we find the trial court erred in considering the entire equity value of the condominium as part of the marital estate. On remand, the trial court may not consider as part of the marital estate the equity value of the condominium immediately before the parties married.

For the same reasons set forth above, we also find the court erred in including the entire equity value of the rental properties in the marital estate. As previously noted, these properties were purchased before the parties married and defendant alone supplied the down payments. The increase in value (whether by equity payments or appreciation) that occurred between the beginning and the end of the marriage, *Bone, supra*, was part of the marital estate. However, it was error for the court to consider as part of the marital estate the increase in value (by the down payments and equity payments) that occurred before the parties married. Thus, we find the trial court erred in considering the entire equity value of the rental properties as part of the marital estate. On remand, the trial court may not consider as part of the marital estate the down payments and equity payments made before the parties married.

Finally, we consider the propriety of the trial court's inclusion of defendant's appreciated interest in the Standish Plaza as part of the marital estate. The trial court held that defendant's interest in the Standish Plaza had increased $100,000 over the six years before the divorce was granted and considered this

amount as part of the marital estate. It was clear error to include any amount that the Standish Plaza may have appreciated before the parties married. *Bone, supra.* Unlike the situation with the condominium and the rental properties, defendant's minority interest in the Standish Plaza was wholly passive at all times. It cannot be stated, as was done in *Hanaway, supra* at 294, that the property "appreciated because of defendant's efforts, facilitated by plaintiff's activities at home." Therefore, it was also error to include any amount defendant's interest in the Standish Plaza may have appreciated even after the parties married. On remand, the trial court may not consider as part of the marital estate any such amount as part of the marital estate.

The court's property division in this case inequitably favors plaintiff when defendant's separate estate is deleted from the property the court divided. As noted in *Grotelueschen, supra* at 402, it does not matter if the division of the entire holdings appears one-sided, what is important is the division of the marital estate. Under the circumstances, we must remand to allow the trial court to render an equitable property division that properly recognizes defendant's separate estate.

We reverse in part and remand for a new property division consistent with this opinion. The court is free to hold additional hearings and to receive further testimony or exhibits if it deems it necessary. After properly recognizing the parties' separate estates and the marital estate, the court may consider whether invasion of defendant's estate is necessary. Before the court may invade defendant's separate estate, it must specifically find that one of the two statutory excep-

tions exists. In this regard, we note that there was no showing that plaintiff contributed to the acquisition of the condominium or the rental properties or the acquisition, improvement, or accumulation of the Standish Plaza interest in any way. Thus, the only statutory ground that would allow invasion of defendant's separate estate would be if the court found that the award that would otherwise be given to plaintiff would be insufficient for her suitable support and maintenance[2]. The court also may reconsider plaintiff's request for attorney fees after rendering the new property division.

Reversed in part and remanded for further proceedings consistent with this opinion.

WAHLS, J., concurred.

NEFF, P.J. (*dissenting*). I respectfully dissent and would affirm the trial court's rulings regarding the property division and attorney fees.

I

The entire thrust of the majority opinion is that the trial court erred in the distribution of property in this divorce action because the distribution included portions of defendant's separate estate either accumulated before the marriage or to which plaintiff made no contribution. Even conceding that the court invaded defendant's separate estate, the separate assets of a party may be distributed where, as here,

---

[2] The statement previously made by the trial court, cited by the dissent, along these lines was insufficient to allow us to sustain the sizable invasion that occurred. The cited statement was also made when the court did not specifically recognize that its overall award was greatly invading defendant's separate estate. Thus, it is appropriate to remand this matter for further findings by the trial court.

the marital assets are insufficient for the suitable support and maintenance of either party. MCL 552.23; MSA 25.103. In light of the trial court's findings of fact, which were based on the evidence and the parties' testimony, I find no error in the trial court's property distribution.

The trial court considered the factors established in *Sparks v Sparks*, 440 Mich 141, 159-160; 485 NW2d 893 (1992), in determining an equitable division of property. Regarding the first factor, the length of the marriage, it held:

> [E]quitably speaking here . . . the Court should look at the entire picture and not just the four years that they were married because, in all respects other than having legally tied the knot, the parties were operating as a marriage partnership. . . . [I]t's equitable and appropriate to consider the period prior to the marriage that they were living together and acting as if they were married and conducting themselves in that manner . . . . So, I'm considering this, equitably speaking, as an eight-year marriage . . . .

This finding was not clearly erroneous given the evidence that the parties held themselves out as man and wife during the period of cohabitation, jointly buying rental property, opening joint bank accounts, and filing a joint income tax return in 1990, before their marriage. *Heike v Heike*, 198 Mich App 289, 291; 497 NW2d 220 (1993); *Nielsen v Nielsen*, 179 Mich App 698, 699-700; 446 NW2d 356 (1989).

With regard to the second factor, the trial court found the contributions of the parties to the marital estate to be equal. The court concluded:

> [T]he total contribution, when you add it all up, amounts to equality. . . . [I]n this marriage, both parties contributed a great deal. And both parties actually contributed to the

physical assets, although Mr. Reeves contributed more
physical assets than Mrs. Reeves did; but she contributed in
other ways that created an equality over the eight years.

The third and fourth factors are the age and health
of the parties. *Sparks, supra* at 160. While the trial
court did not find age to be a factor affecting prop-
erty division, it concluded that plaintiff's more preca-
rious health required that additional assets be allo-
cated to her.

The fifth factor, the life status of the parties, led the
trial court to make findings that show plaintiff's addi-
tional needs, contrary to the assertion of the majority
opinion. The trial court opinion holds:

Mr. Reeves really took Mrs. Reeves out of a different style
of life and brought him (sic) into a—brought her into his
style of life, which was in a different category, in a different
life station; and now, she can't just be dropped back into
her previous life station and needs to maintain a life station
now that she has been used to for the last eight years or
similar to that, it may not be exactly the same or it may
never rise again to that level, but it is at a different level
and needs to be taken into consideration . . . . She needs
more of the assets in order to do that.

This is precisely the factor that the majority opinion
notes is a justification for the invasion of a separate
estate. MCL 552.23; MSA 25.103; *Charlton v Charl-
ton*, 397 Mich 84, 94; 243 NW2d 261 (1976).

The trial court made only passing reference to the
sixth factor, the necessities and circumstances of the
parties, but discussed the seventh factor, the earning
abilities of the parties, at length, concluding what is
obvious from the record: defendant has a much
greater ability to earn an income than does plaintiff.
Strong emphasis was placed on this factor:

> His earning ability is much broader and more extensive
> and far outweighs hers, and so that's a heavy factor that is
> weighed by the Court toward compensating her, so that she
> can deal with her future and be a—appropriated [sic] main-
> tained by her own earning ability in the future, when she's
> not gonna [sic] have his earning ability to assist her, as she
> had over the past eight years.

The eighth factor, fault, was discounted by the court as a basis for the property division. When the court discussed the ninth factor, general principles of equity, it briefly referred for a second time to the fact that, before the parties' cohabitation and marriage, plaintiff had a very modest lifestyle that was changed considerably by her relationship with defendant. The court discussed defendant's many and varied business dealings, his business acumen, and his greater potential for long-term financial security. The court also opined that defendant had been less than candid in disclosing the extent of his assets and their value and further stated its view that defendant had taken advantage of plaintiff's lack of sophistication in some of his financial dealings involving her.

II

The record supports the trial court's findings in every particular. Although our review is de novo, we review findings of fact for clear error, and where they are upheld, we determine whether the dispositional rulings were fair and equitable in light of those facts. *Sparks, supra* at 147, 151-152; *Beason v Beason*, 435 Mich 791, 805; 460 NW2d 207 (1990). Moreover, because dispositional rulings are discretionary, they should be affirmed unless we are left with the firm conviction that the division is inequitable. *Sparks, supra* at 152; *Kuntze v Kuntze*, 351 Mich 144, 148; 88

NW2d 608 (1958); *Whittaker v Whittaker*, 343 Mich 267, 272; 72 NW2d 207 (1955). After reviewing the record and the arguments of the parties, I am left with no such conviction. Because I conclude that the property division was equitable under all the circumstances, I would affirm it.

III

I would likewise affirm the trial court's denial of plaintiff's request for attorney fees. We review this issue for an abuse of discretion. *Hanaway v Hanaway*, 208 Mich App 278, 298; 527 NW2d 792 (1995). Because the trial court did not find that an award was necessary to enable plaintiff to prosecute or defend this action, the denial of plaintiff's request was not an abuse of discretion. *Id.* With regard to defendant's lack of cooperation in disclosing the extent of his assets, the trial court considered this fact in determining the property division.