# STATE OF MICHIGAN

# COURT OF APPEALS

MARET ELLEN SABOURIN,

       Plaintiff-Appellee,

v

KENNETH PATRICK SOPER,

       Defendant-Appellant.

UNPUBLISHED
June 2, 2015

No.   320854
Grand Traverse Circuit Court
LC No.   2013-010209-DM

Before:  GLEICHER, P.J., and K. F. KELLY and SERVITTO, JJ.

PER CURIAM.

In this divorce case, defendant appeals as of right, challenging the trial court's property division.  Defendant argues that the trial court erred when it treated his pre-marital equity in the marital home as marital property, rather than as his separate property.  For the reasons stated below, we affirm the trial court's decision.

"In reviewing a dispositional ruling in a divorce case, we first review the trial court's findings of fact for clear error and then decide whether the dispositional ruling was fair and equitable in light of the facts." *Hanaway v Hanaway*, 208 Mich App 278, 292; 527 NW2d 792 (1995); see also *Sands v Sands*, 442 Mich 30, 34; 497 NW2d 493 (1993), and *Sparks v Sparks*, 440 Mich 141, 151-152; 485 NW2d 893 (1992).  "Property disposition rulings will be affirmed unless we are left with the firm conviction that the distribution was inequitable." *Hanaway*, 208 Mich App at 292.

"[T]he trial court's first consideration when dividing property in divorce proceedings is the determination of marital and separate assets." *Reeves v Reeves*, 226 Mich App 490, 493-494; 575 NW2d 1 (1997).  Here, the parties owned three pieces of real property: a home on Trager Road, a home on Wenonah Street, and a property on Bridge Street that the parties purchased for use as a rental property.  Prior to the marriage, defendant owned the Trager property and plaintiff owned the Wenonah property.  During the marriage, the parties used the Trager property as the marital home.  Defendant initially had a mortgage on the Trager property that was paid down to $50,000 during the marriage.  During the marriage, the parties obtained a line of credit using their equity in the Trager property as collateral.  They used the line of credit to purchase the rental property and may have used it to put an addition on the Trager property.  They also used the line of credit to pay down the remaining debt of $48,000 on the Wenonah property.

-1-

In its property disposition, the trial court deemed the Wenonah property to be plaintiff's separate property, but treated $48,000 of the value as marital property because the mortgage had been paid off using marital funds. The trial court deemed the Trager property to be marital property.

In *Reeves*, we recognized that when one of the parties owns the marital home before the marriage, any pre-marital equity and pre-marital appreciation in the value of the marital home is considered separate property. *Reeves*, 226 Mich App 496. However, we have also stated that "separate assets may lose their character as separate property and transform into marital property if they are commingled with marital assets and 'treated by the parties as marital property.' " *Cunningham v Cunningham*, 289 Mich App 195, 201; 795 NW2d 826 (2010), quoting *Pickering v Pickering*, 268 Mich App 1, 10; 706 NW2d 835 (2005). Here, we agree with the trial court that defendant effectively commingled the Trager property into the marital estate and cannot now claim it as his separate property. Defendant did nothing to keep his equity separate from the rest of the marital estate. Moreover, the total value of the equity in the Trager property—both the pre-marital equity and the equity built up during the marriage—was used to leverage the parties' home equity line of credit. We conclude that this type of behavior shows that the parties did not treat the house as plaintiff's separate property. While defendant is correct that *Reeves* requires a court to treat pre-marital equity as separate property, *Reeves* does not account for a factual scenario where the party claiming the equity as separate property has effectively commingled that equity into the marital estate.

After characterizing the property as separate or marital, the trial court must divide the marital property equitably. *Sparks*, 440 Mich at 159. Defendant argues that the trial court erred by failing to consider the *Sparks* factors in dividing the property. In *Sparks*, the Court stated:

> [T]he following factors are to be considered *wherever they are relevant to the circumstances of the particular case*: (1) duration of the marriage, (2) contributions of the parties to the marital estate, (3) age of the parties, (4) health of the parties, (5) life status of the parties, (6) necessities and circumstances of the parties, (7) earning abilities of the parties, (8) past relations and conduct of the parties, and (9) general principles of equity. [*Sparks*, 440 Mich at 159-160 (emphasis added).]

No one factor is to be given disproportionate weight, and if there is a factor relevant to the circumstances of the case, the trial court must make specific factual findings. *McNamara v Horner*, 249 Mich App 177, 194; 642 NW2d 385 (2002).

Defendant has not expounded on how these factors would have been relevant to the trial court's determination. Defendant simply maintains that, without reference to these factors, the rationale for any decision must be found wanting. However, the rationale for the trial court's decision is apparent from the record; it found no reason to deviate from an approximately even split of the marital assets. The estate was divided such that $145,000 was awarded to defendant and $147,000 was awarded to plaintiff. This is close to equal, and does not leave us "with the firm conviction that the distribution was inequitable." *Hanaway*, 208 Mich App at 292. Defendant's contention that plaintiff got all the property and defendant got all the debt is not supported by the record. Although defendant received the marital home encumbered by a

mortgage and plaintiff received two pieces of property free and clear, the court awarded the properties based on their equity values, which took into account the encumbrance.

Affirmed.

/s/ Elizabeth L. Gleicher
/s/ Kirsten Frank Kelly
/s/ Deborah A. Servitto