# STATE OF MICHIGAN

# COURT OF APPEALS

AMY K. WOLCOTT,

        Plaintiff-Appellee,

v

EDGAR J. WOLCOTT,

        Defendant-Appellant.

UNPUBLISHED
April 26, 2018

No. 336472
Saginaw Circuit Court
LC No. 15-027889-DM

Before: STEPHENS, P.J., and SHAPIRO and RONAYNE KRAUSE, JJ.

PER CURIAM.

Defendant appeals the trial court's order granting plaintiff's motion for partial summary disposition under MCR 2.116(C)(10). For the reasons set forth below, we reverse.

The parties were married in August, 1999. During the marriage, plaintiff was employed as a project manager with Hammer Building and Restoration, Inc., ("Hammer") while defendant had various jobs during the course of the marriage, including working as an insurance adjuster.

Plaintiff filed for divorce in 2015. Before the date set for trial, plaintiff filed a motion for summary disposition seeking a determination that the 10% of the Hammer stock was non-marital property because her father gifted it to her. In support of her motion she presented two affidavits. One was signed by her brother who, since their father's death, manages the company. He averred that their father gifted the full 10% in July 1999, shortly before plaintiff married defendant, and that it was gifted at that time specifically to assure that it would not be marital property. His affidavit also stated that defendant had not undertaken any activities that contributed to any appreciation in the value of the company. The second affidavit proffered by plaintiff was signed by her father's CPA, who averred that the full 10% interest was transferred to plaintiff before her marriage to defendant. Plaintiff also attached K-1 schedules (shareholder's share of income, credits, deductions, etc.) for federal taxes for the years, 1999 and 2000.

In response, defendant submitted his own affidavit in which he made multiple assertions of fact. First, he stated that plaintiff's K-1 schedules revealed a post-marital stock transfer because the 1999 K-1 schedule showed that plaintiff had a 5% interest in Hammer, while the 2000 K-1 schedule showed plaintiff had a 10% interest. Second, the affidavit described activities defendant claims he had undertaken during the marriage to increase Hammer's business. Specifically, defendant averred that in his role as an insurance adjuster, he referred many clients

-1-

with homeowner claims to Hammer for reconstruction services. Finally, he averred that the subject stock had produced dividends of approximately $300,000 during the 13 years of the marriage, that those funds were intermingled with other family funds, and that the couple jointly paid taxes on them.

After briefing and oral argument, the trial court ruled, under MCR 2.116(C)(10), that the 10% interest in Hammer was a nonmarital asset. Unfortunately, the trial court did not articulate any reasons for its conclusion.

A trial was held as to the parties' other assets. During trial, the defendant, who was representing himself, attempted to raise the issue of the Hammer stock, but the trial court refused to allow him to do so given that it had already issued summary disposition on the issue.

On appeal, defendant argues that the trial court erred in granting plaintiff's motion for partial summary disposition. We agree.[1]

A "trial court's first consideration when dividing property in divorce proceedings is the determination of marital and separate assets." *Reeves v Reeves*, 226 Mich App 490; 493-494; 575 NW2d 1 (1997). "The categorization of property as marital or separate, however, is not always easily achieved," in part because "there are occasions when property earned or acquired during the marriage may be deemed separate property." *Cunningham v Cunningham*, 289 Mich App 195, 201; 795 NW2d 826 (2010). The fact that an asset is obtained as a separate asset does not mean its status cannot change. "[S]eparate assets may lose their character as separate property and transform into marital property if they are commingled with marital assets and 'treated by the parties as marital property.' " *Cunningham*, 289 Mich App at 201 (citation omitted). This principle applies to inherited property. "[P]roperty received by a married person as an inheritance, but kept separate from marital property, is deemed to be separate property not subject to distribution." *Dart v Dart*, 460 Mich 573, 584-585; 597 NW2d 82 (1999) (emphasis added). "The mere fact that property may be held jointly or individually is not necessarily dispositive of whether the property is classified as separate or marital." *Cunningham*, 289 Mich

---

[1] "This Court reviews the grant or denial of summary disposition de novo to determine if the moving party is entitled to judgment as a matter of law. In making this determination, the Court reviews the entire record to determine whether defendant was entitled to summary disposition." *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). This Court "views the evidence in the light most favorable to the party opposing the motion." *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003). When reviewing a motion under MCR 2.116(C)(10), this Court "must consider the pleadings, affidavits, depositions, admissions, and other documentary evidence in favor of the party opposing the motion." *Baker v Arbor Drugs, Inc*, 215 Mich App 198, 202; 544 NW2d 727 (1996). The motion is properly granted if (1) there is no genuine issue related to any material fact and (2) the moving party is entitled to judgment as a matter of law. See *Klein v HP Pelzer Auto Sys, Inc*, 306 Mich App 67, 75; 854 NW2d 521 (2014). "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *West*, 469 Mich at 183.

App at 201-202. Ultimately, "[t]he actions and course of conduct taken by the parties are the clearest indicia of whether property is treated or considered as marital, rather than separate, property." *Id*. at 209 (emphasis added). Moreover, when a spouse "contribute[s] to the acquisition, improvement, or accumulation of . . . property" titled to the other, it is error to the value of the improvement is the sole property of the other spouse. *Hanaway v. Hanaway*, 208 Mich. App. 278, 294, 527 N.W.2d 792, 800 (1995).

We agree with defendant that a genuine issue of material fact exists as to whether the 10% ownership interest in Hammer was a marital or separate asset. First, we agree that the evidence presented does not conclusively show whether the entire 10% was gifted to plaintiff at one point in time or divided into two 5% interests.[2] Second, we conclude that the trial court failed to consider whether the funds had been intermingled, and third, whether defendant had contributed to the value of the stock. It appears that the trial court simply adopted, as true, the plaintiff's proffered affidavits and rejected the affidavit submitted by defendant. This runs counter to the basic rule that when reviewing a motion under MCR 2.116(C)(10), a court "must consider the pleadings, affidavits, depositions, admissions, and other documentary evidence in favor of the party opposing the motion." *Baker v Arbor Drugs, Inc*, 215 Mich App 198, 202; 544 NW2d 727 (1996). Because the record left "open an issue upon which reasonable minds might differ," *Shallal v Catholic Social Servs of Wayne Co*, 455 Mich 604, 609; 566 NW2d 571 (1997), the trial court's grant of summary disposition was in error.

Finally, it is not clear to us whether defendant ever obtained any discovery. "Generally, summary disposition under MCR 2.116(C)(10) is premature if it is granted before discovery on a disputed issue is completed." *Marilyn Froling Revocable Living Trust v Bloomfield Hills Country Club*, 283 Mich App 264, 292; 769 NW2d 234 (2009).[3]

We reverse and remand for trial on the question whether the Hammer stock is marital or non-marital property.[4] We also direct the trial court to provide defendant or his representative an opportunity to review the Hammer's materials that are relevant to the issue, but do not restrict

---

[2] The plaintiff explained that because she only owned the stock for half of 1999, she reported a 5% interest rather than 10%. This is a credible explanation, but not necessarily dispositive.

[3] The summary disposition motion was granted before defendant received answers to its third-party discovery directed to Hammer. At the conclusion of the summary disposition hearing, the court seemed to say that Hammer should provide the sought materials but it should be reviewed only by defendant's attorney as plaintiff asserted that defendant would use the Hammer materials to harm the company. Sometime thereafter, defendant and his counsel parted ways and defendant, thereafter, represented himself before the trial court. There is nothing in the record to indicate whether the Hammer records were ever produced or that defendant asked the court to revise its protective order.

[4] Defendant argues that plaintiff's supporting affidavits and email printout in support of her motion for summary disposition contained inadmissible evidence. Because we are reversing the trial court's grant of summary disposition, we need not reach this issue where discovery of Hammer's books must have been completed and would be able to explain the disputed issue.

the court from imposing an appropriate protective order. If the disputed property is determined to be marital property, then the trial court shall redetermine the distribution of all the assets.

Reversed. As prevailing party, defendant may tax costs per MCR 7.219.

/s/ Cynthia Diane Stephens
/s/ Douglas B. Shapiro
/s/ Amy Ronayne Krause