*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JUDY LYNN LEITER,

      Plaintiff-Appellee,

v

LELAND JOHN LEITER,

      Defendant-Appellant.

UNPUBLISHED
September 21, 2023

No. 363337
Muskegon Circuit Court
LC No. 2021-004635-DO

Before: SWARTZLE, P.J., and O'BRIEN and FEENEY, JJ.

PER CURIAM.

At the end of their fifteen-year marriage, the trial court divided the parties' marital estate during their divorce proceedings, and it awarded plaintiff one-half of the property value of one house, the entire value of another house, and $6,000 for the sale of a boat. We affirm in part, reverse in part, and remand for proceedings consistent with this opinion.

## I. BACKGROUND

Before they married, plaintiff owned a house on Philo Avenue and defendant owned a house on Lakeshore Drive. Plaintiff testified that she helped pay for a pole barn, yard improvements, a new roof, new windows, and a fence at the Lakeshore house after they were married. The parties agreed that plaintiff paid for half of the property tax on the Lakeshore house in certain years, and plaintiff had made monthly payments toward the Lakeshore house, during the marriage.

The parties also agreed that defendant helped renovate the Philo home before they married, and plaintiff testified that she paid defendant for this renovation work. Defendant also upkept the Philo house each time a tenant moved out during the marriage, and he testified that he was not paid for this work except for a one-time payment to paint the living room.

Defendant filed to divorce plaintiff twice before they reconciled, and before plaintiff brought this case to divorce defendant. The parties bought a boat during the marriage, before defendant filed for divorce. At approximately the same time that defendant filed for divorce twice, however, defendant sold the boat to his son for $12,000. Defendant had not been paid the entire

-1-

sale price from his son at the time of this case, and plaintiff testified that defendant had continued to use the boat on at least three separate occasions.

When evaluating the marital estate, the trial court ordered the parties to provide it with appraisals for the Lakeshore and Philo houses. The parties did not provide those appraisals, and the trial court resorted to finding the value of the houses on separate real-estate websites. Neither party objected to this approach at the hearing.

Among the other distributions of the marital estate, the trial court awarded plaintiff one-half of the value of the Lakeshore house because she had made various contributions to the house, the full value of the Philo house because defendant was paid for his contributions, and $6,000 for the sale of the boat.

Defendant now appeals.

## II. ANALYSIS

This Court reviews a trial court's findings of fact on the division of marital property, as well as whether a particular asset is marital or separate property, for clear error. *Hodge v Parks*, 303 Mich App 552, 554; 844 NW2d 189 (2014). "Findings of fact are clearly erroneous when this Court is left with the definite and firm conviction that a mistake has been made." *Id*. at 555 (cleaned up).

Defendant argues that the trial erred by awarding plaintiff one-half of the value of the Lakeshore house, the full value of the Philo house, and $6,000 for the sale of the boat. "[T]he trial court's first consideration when dividing property in divorce proceedings is the determination of marital and separate assets." *Reeves v Reeves*, 226 Mich App 490, 493-494; 575 NW2d 1 (1997). Marital property is property that was acquired or earned by the parties during the marriage, and, with certain exceptions, separate property is property that the parties obtained or earned before the marriage. See *Cunningham v Cunningham*, 289 Mich App 195, 201; 795 NW2d 826 (2010).

Regarding the boat, there is no dispute that it was bought during the marriage and was marital property. Defendant argues, however, that the trial court erred by awarding plaintiff $6,000 for the boat because it was not part of the marital estate because it had been sold before the divorce proceedings. This Court has held that "when a party has dissipated marital assets without the fault of the other spouse, the value of the dissipated assets may be included in the marital estate." *Woodington v Shokoohi*, 288 Mich App 352, 368; 792 NW2d 63 (2010).

Defendant sold the boat to his son at approximately the same time that he filed for divorce twice, and there was testimony that defendant continued to use the boat after selling it to his son. At the time that plaintiff filed for divorce, defendant's son had not fully paid defendant for the boat. Consequently, the marital estate never benefitted from the sale of the boat, and the dissipated asset was properly included in the marital estate. The trial court did not clearly err by awarding plaintiff one-half of the sale price of that marital property.

Regarding the Lakeshore and Philo houses, the parties agree that plaintiff bought the Philo house before the marriage and that defendant bought the Lakeshore house before the marriage.

"Generally, . . . each party takes away from the marriage that party's own separate estate with no invasion by the other party." *Reeves*, 226 Mich App at 494.

Plaintiff argues that the Lakeshore house was properly considered marital property like the properties in *Cunningham* and *Pickering v Pickering*, 268 Mich App 1; 706 NW2d 835 (2005). Contrary to plaintiff's arguments, however, the Lakeshore house is distinguished from the property in *Cunningham*, 289 Mich App at 209, because premarital funds were not comingled into a joint account to purchase the Lakeshore house, and the Lakeshore house is distinguished from the property in *Pickering*, 268 Mich App at 12-13, because the Lakeshore house was not sold to purchase marital property. There is no circumstance presented in this case that would categorize the Lakeshore house as marital property and, given that defendant purchased the Lakeshore house before the marriage, it is separate property.

Separate property is subject to distribution only when one of two statutorily created exceptions is met. MCL 552.23(1) allows for the distribution of separate property when a party is able to demonstrate additional need such that the assets awarded to that party are insufficient for the party's suitable support and maintenance. Neither party has argued that the Lakeshore and Philo houses were divided for the purpose of maintaining support, and defendant does not argue that the division of the value of the Lakeshore and Philo houses were not suitable to support him.

Instead, defendant argues that the trial court erred by not properly considering the amount that was contributed by each party, to each property, under the second statutory exception, MCL 552.401, which allows for the distribution of separate property when the nonowning spouse can demonstrate contributions to the "acquisition, improvement, or accumulation of the property." *Reeves*, 226 Mich App at 494-495 (cleaned up).

Consequently, the trial court erred because it is required to calculate plaintiff's contributions to the Lakeshore house and award her the value of those contributions, as well as the results of those contributions, instead of awarding her based on the total value of the separate property. Additionally, the marital portion of the Philo house was improperly excluded from the marital estate because the trial court did not calculate the unpaid contributions that defendant made to the Philo house during the marriage. Defendant is entitled to the value of the unpaid contributions to plaintiff's separate property. The information required to make these findings already exists on this record, but this Court does not make findings of fact. See *Burkhardt v Bailey*, 260 Mich App 636, 647; 680 NW2d 453 (2004). Instead, this Court's role is to review the trial court's findings for clear error. *Woodington*, 288 Mich App at 355.

Defendant further argues that the trial court erred by not reaching an equitable division of the marital estate. In reaching an equitable division of the marital estate, this Court has held that the trial court is to consider the following factors:

> (1) duration of the marriage, (2) contributions of the parties to the marital estate, (3) age of the parties, (4) health of the parties, (5) life status of the parties, (6) necessities and circumstances of the parties, (7) earning abilities of the parties, (8) past relations and conduct of the parties, and (9) general principles of equity. [*Sparks v Sparks*, 440 Mich 141, 159-160; 485 NW2d 893 (1992).]

"[W]here any of these factors are relevant to the value of the property or to the needs of the parties, the trial court must make specific findings of fact regarding those factors." *McNamara v Horner*, 249 Mich App 177, 186; 642 NW2d 385 (2002).

In this case, the parties presented evidence that provided information for each of the above factors. The trial court, however, failed to make factual findings regarding the above factors even though the evidence required to make those findings is already contained in the record.

Lastly, defendant argues that the trial court erred by considering extrajudicial information when consulting the value of the Lakeshore and Philo houses on real-estate websites. Defendant did not, however, raise this issue in the trial court and instead agreed with the trial court when the trial court stated that it would be using the real-estate websites. Consequently, this issue is not preserved for appellate review and it will not be considered by this Court. See *Tolas Oil & Gas Exploration Co v Bach Servs & Mfg, LLC*, ___ Mich App ___, ___; ___ NW2d ___ (2023) (Docket No. 359090); slip op at 3.

### III. CONCLUSION

The trial court did not err in awarding plaintiff $6,000 for the sale of the boat because the assets from that sale never benefitted the marriage. Further, this case is remanded to the trial court to make findings regarding the equitable division of the marital estate consistent with the *Sparks* factors; as well as to make findings regarding the contributions made to the Lakeshore and Philo houses consistent with *Reeves*, 226 Mich App at 494-495, and MCL 552.401. On the basis of the record presented to this Court, the trial court may make these findings without further evidentiary hearings or briefings from the parties.

Affirmed in part, reversed in part, and remanded for proceedings consistent with this opinion. Because neither party prevailed in full, there are no taxable costs pursuant to MCR 7.219. We do not retain jurisdiction.

/s/ Brock A. Swartzle
/s/ Colleen A. O'Brien
/s/ Kathleen A. Feeney

-4-