*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JESSICA DADAS-SCHULZE,

Plaintiff-Appellant,

v

SHANE SCHULZE,

Defendant-Appellee.

UNPUBLISHED
December 22, 2025
9:21 AM

No. 370305
Oakland Circuit Court
LC No. 2022-516040-DM

Before: GADOLA, C.J., and CAMERON and RICK, JJ.

PER CURIAM.

Plaintiff appeals as of right from the trial court's judgment of divorce. We vacate the trial court's property award in full and remand for further consideration consistent with this opinion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The parties married in September 2010.[1] Both parties worked during the marriage, and largely kept their finances separate. Plaintiff filed for divorce in 2022. The parties requested that the trial court equitably divide the marital estate, but defendant noted that the parties had "premarital and separate debts and property that should be awarded to them" individually. The parties subsequently testified at a bench trial about their income, marital assets, and premarital assets. Relevant here, defendant was questioned extensively about various retirement accounts, some of which were premarital, but were rolled over into two Fidelity Individual Retirement Accounts (IRAs) in either 2016 or 2017. Defendant also had an E*Trade IRA and an A123 401(k). The trial court awarded defendant these four retirement accounts and the appreciation of their value as his separate property. Plaintiff now appeals.

---

[1] The parties had two children during the marriage. Before trial, they reached an agreement as to custody and parenting time, and do not raise any issues pertaining to the children on appeal.

## II. STANDARDS OF REVIEW

"In a divorce action, we review for clear error a trial court's factual findings related to the division of marital property." *Cunningham v Cunningham*, 289 Mich App 195, 200; 795 NW2d 826 (2010). "[A] trial court's findings of fact regarding whether a particular asset qualifies as marital or separate property" are also reviewed for clear error. *Woodington v Shokoohi*, 288 Mich App 352, 357; 792 NW2d 63 (2010). Questions of law are reviewed de novo. *Cunningham*, 289 Mich App at 200.

## III. ANALYSIS

Plaintiff argues that the trial court erred by awarding defendant three of his retirement accounts—the two Fidelity IRAs and the E*Trade IRA—and the appreciation of their value as separate property.[2] We agree.

## A. LEGAL FRAMEWORK

"The goal in distributing marital assets in a divorce proceeding is to reach an equitable distribution of property in light of all the circumstances." *Gates v Gates*, 256 Mich App 420, 423; 664 NW2d 231 (2003). "A division of property in a divorce action need not be equal, but it must be equitable." *Jansen v Jansen*, 205 Mich App 169, 171; 517 NW2d 275 (1994).

In reaching an equitable division, the trial court must first determine what property is considered marital property and what property is considered separate property. *Cunningham*, 289 Mich App at 200. Marital assets are generally subject to division, but the parties' separate assets may not be invaded unless certain exceptions exist. *Reeves v Reeves*, 226 Mich App 490, 494; 575 NW2d 1 (1997).

> Generally, marital property is that which is acquired or earned during the marriage, whereas separate property is that which is obtained or earned before the marriage. Once a court has determined what property is marital, the whole of which constitutes the marital estate, only then may it apportion the marital estate between the parties in a manner that is equitable in light of all the circumstances. As a general principle, when the marital estate is divided each party takes away from the marriage that party's own separate estate with no invasion by the other party.

> The categorization of property as marital or separate, however, is not always easily achieved. While income earned by one spouse during the duration of the marriage is generally presumed to be marital property, there are occasions when property earned or acquired during the marriage may be deemed separate property. . . . Moreover, separate assets may lose their character as separate property and transform into marital property if they are commingled with marital assets and treated by the parties as marital property. The mere fact that property may be held jointly or individually is not necessarily dispositive of whether the

---

[2] Defendant's A123 401(k) is not at issue on appeal.

property is classified as separate or marital. [*Cunningham*, 289 Mich App at 201-202 (quotation marks and citations omitted).]

Retirement assets may be considered part of the marital estate for purposes of property division. See MCL 552.18(1). See also *Pickering v Pickering*, 268 Mich App 1, 7-8; 706 NW2d 835 (2005). The income from separate property, or the appreciation of its value during the marriage, may be divisible. See *Reeves*, 226 Mich App at 494-498. "When one significantly assists in the acquisition or growth of a spouse's separate asset, the court may consider the contribution as having a distinct value deserving of compensation." *Reeves*, 226 Mich App at 495. See also MCL 552.401. Caselaw recognizes two categories of appreciation: active and passive. See *Reeves*, 226 Mich App at 494-498. A premarital asset increases in value by wholly passive appreciation when there is no addition of capital or active management of the asset during the marriage. See *Dart v Dart*, 460 Mich 573, 585 n 6; 597 NW2d 82 (1999). On the other hand, if the party holding the asset actively manages it during the marriage, and their active management was "facilitated by" their spouse's assistance in some way, it can become marital. *Reeves*, 226 Mich App at 496-497. Additionally, when the party holding the premarital asset comingles the premarital asset with marital assets during the marriage, and it is unclear what percentage of the asset's appreciation value came from premarital or marital funds, a trial court may include the asset's entire appreciation value in the marital estate. See *McNamara v Horner*, 249 Mich App 177, 184-185, 642 NW2d 385 (2002).

## B. DEFENDANT'S FIDELITY IRAS

Defendant testified that he began saving for retirement in 1998, when he worked as a park ranger at a state park. He also earned retirement funds from a position with General Electric in the summer of 2000. Then, in 2003, he began working for Ford Motor Company, and had a retirement plan ("Ford Retirement Plan") as well as a Saving and Stock Investment Plan ("SSIP"). Defendant worked for Ford until 2016. He testified that funds were contributed to his Ford Retirement Plan and SSIP during his employment, which both pre- and postdated the parties' marriage. He further testified that he could not ascertain the exact value of the SSIP or the Ford Retirement Plan at the time of the marriage, but provided an estimate based on some paperwork he was able to locate.

In 2016 or 2017, defendant rolled funds from retirement accounts relating to his positions with the state park, General Electric, and Ford over into the two Fidelity IRAs at issue in this case. The amount of funds in the state park and General Electric accounts at the time of the transfer is unclear, as is which funds were rolled into which Fidelity account. What is clear is that, while the Ford Retirement Plan and SSIP were created in 2003, about seven years before the parties married, contributions to the plans continued after the parties married until defendant left his employment at Ford in 2016. Indeed, defendant himself testified that the funds in these accounts were "a mix of marriage and pre-marriage[]" funds. Therefore, while part of the funds in these accounts were premarital assets, the remainder of the funds were marital assets subject to division. See MCL 552.18(1). As such, the trial court's finding that the entirety of the Fidelity IRAs constituted defendant's separate property was clearly erroneous.

As for the appreciation values from the Ford Retirement Plan and SSIP, it is undisputed that funds were added to these accounts during the parties' marriage, which contributed to an

appreciation in value. Defendant's testimony demonstrates he actively managed the funds in these accounts before rolling them over into the Fidelity IRAs, and, therefore, the appreciation was not wholly passive. See *Dart*, 460 Mich at 585 n 6. But it is unclear whether plaintiff facilitated or assisted defendant's management efforts such that she is entitled to compensation. *Reeves*, 226 Mich App at 494-495, 497. This is a determination the trial court must make on remand in order to properly distinguish the marital from premarital appreciation values.

Additionally, while there is no dispute that the state park and General Electric account funds were all premarital, and would, therefore, ordinarily be considered defendant's separate property, it is unclear whether they were commingled with marital funds when they were rolled over into the Fidelity IRAs. "[S]eparate assets may lose their character as separate property and transform into marital property if they are commingled with marital assets and treated by the parties as marital property." *Cunningham*, 289 Mich App at 201 (quotation marks and citation omitted). But "[t]he mere fact that property may be held jointly or individually is not necessarily dispositive of whether the property is classified as separate or marital." *Id*. at 201-202. "The actions and course of conduct taken by the parties are the clearest indicia of whether property is treated or considered as marital, rather than separate, property." *Id*. at 209. The trial court did not make findings as to defendant's intent when he rolled over both marital and premarital funds into the Fidelity IRAs. Thus, it must do so on remand.

## C. DEFENDANT'S E*TRADE IRA

Although defendant denied depositing any funds into the E*Trade IRA during the marriage, and stated that he considered "the E*Trade Roth IRA" account to be his separate property, the record is unclear as to what, if any, management decisions defendant made with respect to the E*Trade IRA. When asked how he managed the E*Trade IRA during the marriage, defendant responded he engaged in "passive" management, but never explained what this meant. Thus, it is unclear whether defendant actively managed his E*Trade IRA during the marriage, or whether its value rose solely based on the investment decisions of third parties. See *Dart*, 460 Mich at 585 n 6. Whether plaintiff facilitated any potential management decisions is also unclear. See *Reeves*, 226 Mich App at 494-495, 497. Accordingly, the trial court must also address these questions on remand.

## IV. CONCLUSION

Because the Fidelity IRAs had significant value, and the trial court's decision on remand concerning these accounts could impact the overall distribution of the marital estate, we vacate the property award in full and remand for further consideration consistent with this opinion. On remand, after complying with this Court's directives and determining what constitutes marital assets, the trial court must value and apportion the marital estate according to the equities of the situation. See *Cunningham*, 289 Mich at 200-202. The trial court may hold additional hearings

and receive additional exhibits and testimony as, in its discretion, it deems necessary. We do not retain jurisdiction.[3]

/s/ Michael F. Gadola
/s/ Thomas C. Cameron
/s/ Michelle M. Rick

---

[3] We acknowledge that defendant argues this Court should affirm despite any commingling of funds or active management of defendant's retirement accounts because the trial court's division of the marital estate was equitable given the facts of the case. But there is a difference between determining what property is part of the marital estate, and determining how marital property should be apportioned. See *Byington v Byington*, 224 Mich App 103, 114 n 4; 568 NW2d 141 (1997). To properly divide the marital estate, the trial court first had to determine which assets were marital. See *Cunningham*, 289 Mich App at 200. "Once a court has determined what property is marital, the whole of which constitutes the marital estate, *only then* may it apportion the marital estate between the parties in a manner that is equitable in light of all the circumstances." *Id*. at 201 (emphasis added).